1  Brad A. Mokri, SBN:208213
2  Law Offices of Mokri & Associates
   1851 East First Street, Suite 900
3  Santa Ana, CA 92705
   Telephone No.: (714) 619-9395
4  Facsimile No.:  (714) 619-9396

5  Attorney for Plaintiff
   HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC
6  FINANCIAL

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 HERITAGE  PACIFIC  FINANCIAL,        Case No.   SACV10-00133 JVS (MLGx)
   LLC  D/B/A  HERITAGE  PACIFIC
13 FINANCIAL,    a    Texas    Limited
   Liability Company,                    COMPLAINT FOR DAMAGES,
14                                        SPECIFIC PERFORMANCE
                Plaintiff,                 & OTHER EQUITABLE RELIEF
15
            v.
16
                                          1.  Breach of Contract
17 SUSANA    DAVID;    EVA   LOPEZ        2.  Intentional Misrepresentation
   MIGUEL;  DANIEL  RANGEL  SR.;         3.  Fraudulent Concealment
18 CYNTHIA     WRIGHT;    NARDA          4.  Negligent Misrepresentation
   CHICA; CRYSTAL OAKES; MARIA
19 ARIAS;  CARLOS  WASHINGTON
   GARCIA; MAGDALENA ARREDONDO;
20 ALVIN PAUL CAMPBELL; RENITA
   FAYE CAMPBELL; MIKKI WADE;
21 RAUL   GUTIERREZ;   EDUARDO
   RAMIREZ; BRIAN URREA; JORGE
22
   A. MORA;  NAIRA  KOCHINYAN;
23 BERJ    WARTANIAN;    GENARO
   MILLAN;   PORFIRIA   MEDINA;
24 LOREEN G. LEUNG; SHIRLEY DEL
   VILLAR; MARA KAUFER; KEITH
25
   BORNSTEIN;   JESUS   RIVERA;
26 DIANA LIRA; GEORGE E. SIMES;

27

28

                                1

PEGGY SIMES; JAMES L. PETERS; CHRISTINA GARCIA; ESPERANZA IBARRA; GRICIELO C. ANGELES; PESHAAN R. WEDANARACHCHI; AL SHEHATA; CARLOS GUTIERREZ; DUANE A. MABSON; MICHAEL PALACIOS; GIEZI LOPEZ; DAVID B. GIBBS; SANTIAGO VILLEGAS; SALVADOR RUIZ; EMMANUEL NSAHLAI; MARIA DEL CARMEN HIDROGO; ALFREDO HIDROGO; MARIA AGUILAR; JAVIER TOVAR; ANTONIO CALLEJAS; SANDRA ELIZABETH ESCOBAR DE ORTEGA; VICTOR A. ROMERO; JOE MONTOYA; SILVIA RAQUEL SALAZAR; and ARLENE RANGEL,

Defendants.

**COMES NOW** PLAINTIFF, HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company, that alleges damages, specific performance, and seeks equitable relief against the Defendants, and each of them, as follows:

### JURISDICTION & VENUE

1.    This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332, because Plaintiff and Defendants are citizens of different states and the amount in damages that Plaintiff seeks to recover from each Defendant exceeds $75,000.00. Venue is conferred as the property is located, the transactions took place and/or Defendants reside within the boundaries of the United States District Court for this district in California.

### PARTIES

2.    Plaintiff, HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL (hereinafter "Plaintiff" or "HPF"), is a limited liability company organized under the laws of the State of Texas with its principal balance of business in Dallas

2

County, Texas.

3.    Plaintiff is informed, believes, and thereon alleges that Defendants, individually named and collectively hereinafter referred to as "Defendants," are individuals residing at their respective residences noted below and/or may be served with process at their respective places of employment, to wit:

a.    DEFENDANT, **SUSANA DAVID**, is an individual, residing at **22806 Califa Street, Woodland Hills, CA 91367.**

b.    DEFENDANT, **EVA LOPEZ MIGUEL**, is an individual, residing at **7054 Sylvia Avenue, Reseda, CA 91335.**

c.    DEFENDANT, **DANIEL RANGEL SR.**, is an individual, who purchased real property commonly known as 2864 Sawbills Court, West Sacramento, CA 95691, and may be served with process at Defendant's last known place of employment being **Christ's Church of the Valley, at 1404 W. Covina Blvd., San Dimas, CA 91773.**

d.    DEFENDANT, **CYNTHIA WRIGHT**, is an individual, who purchased real property commonly known as 45418 Robinson Drive, Lancaster, CA 93535, and may be served with process at Defendant's last known place of employment being **Benjamin O'Davis Jr. Middle School, at 621 West Poplar St., Compton, CA 90220.**

e.    DEFENDANT, **NARDA CHICA**, is an individual, residing at **6231 1/2 Mayflower Ave., Bell, CA 90201.**

f.    DEFENDANT, **CRYSTAL OAKES**, is an individual, residing at **711 Bridle Trail Rd., Walnut, CA 91789-1903.**

g.    DEFENDANT, **MARIA ARIAS**, is an individual, residing at **17836 Miller Ave., Fontana, CA 92336.**

h.    DEFENDANT, **CARLOS WASHINGTON GARCIA**, is an individual, residing at **634 S. Sonya Pl., Anaheim, CA 92802.**

i.    DEFENDANT, **MAGDALENA ARREDONDO**, is an individual, residing at **6452 Fulton Ave., Van Nuys, CA 91401.**

j.    DEFENDANT, **ALVIN PAUL CAMPBELL**, is an individual, residing at

3

15220 South Visalia Avenue, Compton, CA 90220.

     k.   DEFENDANT, **RENITA FAYE CAMPBELL**, is an individual, residing at 15220 South Visalia Avenue, Compton, CA 90220, and may be served with process at Defendant's last known place of employment being **Pate/Ingram**, at **9613 S. 11th, Inglewood, CA 90305**.

     l.   DEFENDANT, **MIKKI WADE**, is an individual, residing at **331 North Cordova Street, Burbank, CA 91505**, and may be served with process at Defendant's last known place of employment being **True Realty, Inc.**, at **827 North Hollywood Way #210, Burbank, CA 91505**.

     m.   DEFENDANT, **RAUL GUTIERREZ**, is an individual, who purchased real property commonly known as 312 West 5th Street 616, Los Angeles, CA 90013, and may be served with process at Defendant's last known place of employment being **West Coast Mortgage, at 400 N. Brand Boulevard, Suite 900, Glendale, CA 91203**.

     n.   DEFENDANT, **EDUARDO RAMIREZ**, is an individual, residing at **2749 S. Orange Drive, Los Angeles, CA 90016**.

     o.   DEFENDANT, **BRIAN URREA**, is an individual, who purchased real property commonly known as 4241 Rustic View Court, Moorpark, CA 93021, and may be served with process at Defendant's last known place of employment being **Urrea & Sons Trucking, at 14110 Princeton Ave., Moorpark, CA 93021**.

     p.   DEFENDANT, **JORGE A. MORA**, is an individual, residing at **16440 Zocalo Pl., Apt. 208, Moreno Valley, CA 92551**.

     q.   DEFENDANT, **NAIRA KOCHINYAN**, is an individual, residing at **10441 McVine Ave., Apt. 13, Sunland, CA 91040**.

     r.   DEFENDANT, **BERJ WARTANIAN**, is an individual, residing at **11908 Laughton Way, Northridge, CA 91326**.

     s.   DEFENDANT, **GENARO MILLAN**, is an individual, who purchased real property commonly known as **13159 Newport Street, Hesperia, CA 92344**, and may be served with process at Defendant's last known place of employment being **Toyota of Glendora**

4

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

1 | at **1949 Auto Center, Glendora, CA 91740.**

2 |       t.    DEFENDANT, **PORFIRIA MEDINA**, is an individual, who purchased

3 | real property commonly known as **781 West Ventura Street, Altadena, CA 91001**, and may be

4 | served with process at Defendant's last known place of employment being **Department of**

5 | **Public Social Services** at **3435 Wilshire Blvd., Los Angeles, CA 90010.**

6 |       u.    DEFENDANT, **LOREEN G. LEUNG**, is an individual, who purchased

7 | real property commonly known as **7529 Sweetmeadow Court, Highland, CA 92346**, and may

8 | be served with process at Defendant's last known place of employment being **Commerce**

9 | **Casino** at **6131 East Telegraph Road, Los Angeles, CA 90040.**

10 |       v.    DEFENDANT, **SHIRLEY DEL VILLAR**, is an individual, residing at

11 | **554 S Reverse St., Anaheim, CA 92805.**

12 |       w.    DEFENDANT, **MARA KAUFER**, is an individual, residing at **1137 6th**

13 | **St., Apt. 306, Santa Monica, CA 90403.**

14 |       x.    DEFENDANT, **KEITH BORNSTEIN**, is an individual, residing at **1137**

15 | **6th St., Apt. 306, Santa Monica, CA 90403.**

16 |       y.    DEFENDANT, **JESUS RIVERA**, is an individual, residing at **1706 W.**

17 | **38th St., Los Angeles, CA 90062.**

18 |       z.    DEFENDANT, **DIANA LIRA**, is an individual, residing at **2915**

19 | **Pasadena Ave., Los Angeles, CA 90031.**

20 |       aa.    DEFENDANT, **GEORGE E. SIMES**, is an individual, who purchased

21 | real property commonly known as 43750 32nd Street East, Lancaster, CA 93535, and may be

22 | served with process at Defendant's last known place of employment being **Screen Actors Guild,**

23 | at **5757 Wilshire Blvd., 7th Floor, Los Angeles, CA 90036.**

24 |       bb.    DEFENDANT, **PEGGY SIMES**, is an individual, who purchased real

25 | property commonly known as 43750 32nd Street East, Lancaster, CA 93535, and may be served

26 | with process at Defendant's last known place of employment being **Screen Actors Guild,** at

27 | **5757 Wilshire Blvd., 7th Floor, Los Angeles, CA 90036.**

28 |       cc.    DEFENDANT, **JAMES L. PETERS**, is an individual, who purchased

real property commonly known as 3936 Buckingham Road, Los Angeles, CA 90008, and may be served with process at Defendant's last known place of employment being **Department of VA Affairs,** at **11301 Wilshire Blvd., Los Angeles, CA 90073**.

dd.    DEFENDANT, **CHRISTINA GARCIA**, is an individual, residing at **8608 Artesia Blvd., Apt. 32, Bellflower, CA 90706**.

ee.    DEFENDANT, **ESPERANZA IBARRA**, is an individual, residing at **9037 Box Elder Ct., Fontana, CA 92335**.

ff.    DEFENDANT, **GRICIELO C. ANGELES**, is an individual, who purchased real property commonly known as 32943 Edinborough Way, Menifee, CA 92584, and may be served with process at Defendant's last known place of employment being **Angeles Party Rentals**, at **28673 Broadstone Way, Menifee, CA 92584**.

gg.    DEFENDANT, **PESHAAN R. WEDANARACHCHI**, is an individual, residing at **17805 Lemarsh St., Northridge, CA 91325**.

hh.    DEFENDANT, **AL SHEHATA**, is an individual, residing at **13227 S. Roselle Ave., Hawthorne, CA 90250**.

ii.    DEFENDANT, **CARLOS GUTIERREZ**, is an individual, residing at **14138 Reis St., Whittier, CA 90604**.

jj.    DEFENDANT, **DUANE A. MABSON**, is an individual, residing at **4551 W. Martin Luther King Jr. Blvd., Los Angeles, CA 90016**.

kk.    DEFENDANT, **MICHAEL PALACIOS**, is an individual, residing at **400 W. Ocean Blvd., Unit 706, Long Beach, CA 90802**.

ll.    DEFENDANT, **GIEZI LOPEZ**, is an individual, residing at **1307 W Florence Ave, Los Angeles, CA 90044**.

mm.    DEFENDANT, **DAVID B. GIBBS**, is an individual, who purchased real property commonly known as 32255 Desert Vista Road, Cathedral City, CA 92234, and may be served with process at Defendant's last known place of employment being **Dr. Reynaldo J. Carreon Jr. Academy**, at **47368 Monroe St., Indio, CA 92201**.

nn.    DEFENDANT, **SANTIAGO VILLEGAS**, is an individual, who

6

1  purchased real property commonly known as 32255 Desert Vista Road, Cathedral City, CA
2  92234, and may be served with process at **48566 Anastacia Ct., Indio, CA 92201.**

3  oo.   DEFENDANT, **SALVADOR RUIZ**, is an individual, residing at **518**
4  **Avenida Presidio, Walnut, CA 91789.**

5  pp.   DEFENDANT, **EMMANUEL NSAHLAI**, is an individual, residing at
6  **1733 Malcolm Ave. # 4, Los Angeles, CA 90024.**

7  qq.   DEFENDANT, **MARIA DEL CARMEN HIDROGO**, is an individual,
8  residing at **309 E. Maple St., Oxnard, CA 93033.**

9  rr.   DEFENDANT, **ALFREDO HIDROGO**, is an individual, residing at **309**
10 **E. Maple St., Oxnard, CA 93033.**

11 ss.   DEFENDANT, **MARIA AGUILAR**, is an individual, residing at **531 W.**
12 **Duarte Rd. # F, Monrovia, CA 91016.**

13 tt.   DEFENDANT, **JAVIER TOVAR**, is an individual, residing at **4508**
14 **Enconta Ave., Rosemead, CA 91770.**

15 uu.   DEFENDANT, **ANTONIO CALLEJAS**, is an individual, residing at
16 **24950 Via Florecer, Apt. 33, Mission Viejo, CA 92692.**

17 vv.   DEFENDANT, **SANDRA ELIZABETH ESCOBAR DE ORTEGA**, is
18 an individual, residing at **3726 S. Sycamore St., Santa Ana, CA 92707.**

19 ww.   DEFENDANT, **VICTOR A. ROMERO**, is an individual, residing at
20 **11073 Wright Rd. #B, Lynwood, CA 90262.**

21 xx.   DEFENDANT, **JOE MONTOYA**, is an individual, residing at **2155 E**
22 **Garvey Ave. N, Suite B8, West Covina, CA 91791.**

23 yy.   DEFENDANT, **SILVIA RAQUEL SALAZAR**, is an individual, residing
24 at **1251 N Placentia Ave. #115, Anaheim, CA 92806.**

25 zz.   DEFENDANT, **ARLENE RANGEL**, is an individual, residing at **1300**
26 **West Lido Place, Apt. E, Anaheim, CA 92801.**

27 ///
28 ///

## PRELIMINARY ALLEGATIONS

4. At all times relevant herein, Plaintiff is the assignee and current owner and/or holder of each Defendant's loan and related mortgage note.

5. Plaintiff is informed and believes, and thereon alleges that Defendants are now and/or at such times referenced in this Complaint, individuals residing in the State of California and/or purchasers of real property within the State of California, which they claimed would be used as their primary residence.

6. Plaintiff is informed and believes, and thereon alleges, Defendants in each of their loan transactions actively devised and executed a scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with financial institutions among the intended victims of their criminal acts, in violation of 18 U.S.C. §§ 1343-44. Plaintiff is informed and believes, and thereon alleges, that Defendants obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendants caused to be made and/or published, that are materially false and upon which Lender reasonably relied.

7. Defendants committed the acts, caused or directed others to commit the acts and/or omissions, or instructed, authorized, permitted, encouraged, facilitated, assisted and/or ratified the acts and/or omissions of their agents. Defendants knew or realized their agents were engaging in or planned to engage in violations of civil and criminal law in this Complaint.

## STATEMENT OF FACTS

8. As detailed below in this Complaint, each Defendant sought to purchase real property in the State of California.

9. In an effort to obtain funds to purchase their properties, Defendants applied for and obtained loans and completed, or caused to have completed on their behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which the Defendants executed and signed.

10. On each Uniform Residential Loan Application, each Defendant certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein.

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

11. Among the information provided and certified by Defendants in their Uniform Residential Loan Application, the Plaintiffs were required to certify information regarding their current employer, statements of their gross monthly income, and to certify that they intended to use the loan proceeds to purchase real property which Defendants intended to use as their primary residence.

12. In furtherance of their effort, because Defendants knew that their then-current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes, and thereon alleges that the Defendants:

a) Provided, prepared, caused to be prepared, false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

b) Certified false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

c) Caused their agents to submit to lenders false loan applications and other loan related documents.

13. Plaintiff is informed, believes, and thereon alleges that Defendants directed, instructed, and caused to have transmitted their false loan application and supporting documentation to lenders even though Defendants knew the information in the loan application and supporting documentation were false in material respects.

14. Lenders did not know, and had no reason to know, that the information and documentation provided by Defendants in and in conjunction with their loan applications was false, and in reliance on the information and documentation provided by Defendants to lenders therein approved the loan.

15. Defendants executed promissory notes in favor of their initial lender, their successors, transferees, and assigns (collectively hereinafter "LENDER").

16. The proceeds of the loans, as referenced in the promissory notes, were to be used by Defendants in the purchase or refinance of the properties described therein. In exchange,

1   Defendants agreed and promised to pay Lender according to the mutually agreed upon terms and

2   conditions more particularly described in the promissory notes.

3       17.   Lenders fully performed, and Defendants acquired title to the properties.

4       18.   The promissory notes were duly assigned by the original lender and/or its

5   assignees to Plaintiff, who is the current owner and/or holder of each Defendant's Loan and

6   related mortgage note.

7       19.   Defendants have defaulted on their obligations to re-verify the information

8   contained in their Uniform Residential Loan Application. Despite Plaintiff's attempts to secure

9   information from Defendants to re-verify the information contained in their loan applications,

10  Defendants have failed and/or refused to comply with Plaintiff's requests.

11      20.   Specifically:

12          a.   On or about 1/12/2007, Defendant, SUSANA DAVID, obtained financing

13  under Loan Number 11809008, from GE Money Bank, in the principal sum of $145,000, for the

14  purpose of purchasing the real property commonly known as 9140 Langdon Avenue, North

15  Hills, CA 91343. Plaintiff, who is the assignee and current owner and/or holder of said Loan and

16  related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained

17  money and property by false pretenses, false representations, actual fraud and/or the use of

18  written statements, which Defendant caused to be made and/or published, that are materially

19  false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and

20  thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant

21  fraudulently misstated his/her monthly income as $23,000 per month as an employee of Novel

22  Home Health Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated

23  his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan

24  transaction, SUSANA DAVID defaulted on his/her payment obligations and his/her obligation to

25  re-verify the information contained in his/her Uniform Residential Loan Application.

26          b.   On or about 12/14/2006, Defendant, EVA LOPEZ MIGUEL, obtained

27  financing under Loan Number 11776884, from WMC MORTGAGE CORP, in the principal sum

28  of $117,000, for the purpose of purchasing the real property commonly known as 20736 Gault

10

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

Street, Winnetka, CA 91306. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $13,000 per month as a self-employed housekeeper and industrial cleaner, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, EVA LOPEZ MIGUEL defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

c.      On or about 1/4/2007, Defendant, DANIEL RANGEL SR., obtained financing under Loan Number 11805423, from GE Money Bank, in the principal sum of $69,400, for the purpose of purchasing the real property commonly known as 2864 Sawbills Ct., West Sacramento, CA 95691. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $7,500 per month as an employee of Victory Outreach, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DANIEL RANGEL SR. defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

d.      On or about 7/11/2006, Defendant, CYNTHIA WRIGHT, obtained

11

financing under Loan Number 11620181, from Golden Empire Mortage Inc., in the principal sum of $39,684, for the purpose of purchasing the real property commonly known as 45418 Robinson Drive, Lancaster, CA 93535. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $7,511 per month as an employee of Compton Unified School District, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CYNTHIA WRIGHT defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

e. On or about 12/27/2006, Defendant, NARDA CHICA, obtained financing under Loan Number 11779765, from WMC Mortgage Corp., in the principal sum of $120,000, for the purpose of purchasing the real property commonly known as 3818 East La Jara Street, Long Beach, CA 90805. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $13,490 per month as an employee of Forklift Clinic, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, NARDA CHICA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

f. On or about 1/26/2007, Defendant, CRYSTAL OAKES, obtained financing under Loan Number 11832355, from GE Money Bank, in the principal sum of $151,000, for the purpose of purchasing the real property commonly known as 5177 Costello Avenue, Sheman Oaks, CA 91423. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $20,000 per month as an employee of Century 21 Diamond Realty, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CRYSTAL OAKES defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

g. On or about 12/14/2006, Defendant, MARIA ARIAS, obtained financing under Loan Number 11791042, from WMC Mortgage Corp., in the principal sum of $58,000, for the purpose of purchasing the real property commonly known as 271 East 41st Street, San Bernardino, CA 92404. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her self-employment monthly income as $4,800 per month selling jewelry and clothing, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARIA ARIAS defaulted on his/her payment obligations and his/her obligation to

13

re-verify the information contained in his/her Uniform Residential Loan Application.

h. On or about 2/5/2007, Defendant, CARLOS WASHINGTON GARCIA, obtained financing under Loan Number 11815912, from GE Money Bank, in the principal sum of $116,000, for the purpose of purchasing the real property commonly known as 6133 Lytle Creek Road, Fontana, CA 92336. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $16,750 per month as an employee of City Realty Inc., Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CARLOS WASHINGTON GARCIA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

i. On or about 1/8/2007, Defendant, MAGDALENA ARREDONDO, obtained financing under Loan Number 261807782, from Argent Mortgage Company, LLC, in the principal sum of $240,000, for the purpose of purchasing the real property commonly known as 18412 Hampton Court, Northridge, CA 91326. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $39,375.27 per month as the owner of Arcemios Furniture Corporation, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c)

14

1 fraudulently misstated his/her employment history. After the loan transaction, MAGDALENA
2 ARREDONDO defaulted on his/her payment obligations and his/her obligation to re-verify the
3 information contained in his/her Uniform Residential Loan Application.

4           j.      On or about 8/18/2006, Defendant, ALVIN PAUL CAMPBELL, obtained
5 financing under Loan Number 11662694, from WMC Mortgage Corp., in the principal sum of
6 $130,000, for the purpose of purchasing the real property commonly known as 1210 Cottage
7 Place, Gardena, CA 90247. Plaintiff, who is the assignee and current owner and/or holder of
8 said Loan and related mortgage note, is informed, believes, and thereon alleges that said
9 Defendant obtained money and property by false pretenses, false representations, actual fraud
10 and/or the use of written statements, which Defendant caused to be made and/or published, that
11 are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed,
12 believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein
13 Defendant fraudulently misstated his/her monthly income as $8,141.00 per month as the owner
14 of and locksmith for Keys & Things, Defendant (a) concealed his/her true income, (b)
15 fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment
16 history. After the loan transaction, ALVIN PAUL CAMPBELL defaulted on his/her payment
17 obligations and his/her obligation to re-verify the information contained in his/her Uniform
18 Residential Loan Application.

19           k.      On or about 8/18/2006, Defendant, RENITA FAYE CAMPBELL,
20 obtained financing under Loan Number 11662694, from WMC Mortgage Corp., in the principal
21 sum of $130,000, for the purpose of purchasing the real property commonly known as 1210
22 Cottage Place, Gardena, CA 90247. Plaintiff, who is the assignee and current owner and/or
23 holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that
24 said Defendant obtained money and property by false pretenses, false representations, actual
25 fraud and/or the use of written statements, which Defendant caused to be made and/or published,
26 that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is
27 informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application,
28 wherein Defendant fraudulently misstated his/her monthly income as $5,092.00 per month as an

15

1  employee of Pate/Ingram, Defendant (a) concealed his/her true income, (b) fraudulently
2  misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After
3  the loan transaction, RENITA FAYE CAMPBELL defaulted on his/her payment obligations and
4  his/her obligation to re-verify the information contained in his/her Uniform Residential Loan
5  Application.

6          l.      On or about 12/8/2006, Defendant, MIKKI WADE, obtained financing
7  under Loan Number 11791407, from WMC Mortgage Corp., in the principal sum of $49,800, for
8  the purpose of purchasing the real property commonly known as 7849 Sunny Vista Rd., Joshua
9  Tree, CA 92252. Plaintiff, who is the assignee and current owner and/or holder of said Loan and
10  related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained
11  money and property by false pretenses, false representations, actual fraud and/or the use of
12  written statements, which Defendant caused to be made and/or published, that are materially
13  false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and
14  thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant
15  fraudulently misstated his/her monthly income as $19,818.25 per month as an employee of
16  Global Media Wireless, Inc., Defendant (a) concealed his/her true income, (b) fraudulently
17  misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After
18  the loan transaction, MIKKI WADE defaulted on his/her payment obligations and his/her
19  obligation to re-verify the information contained in his/her Uniform Residential Loan
20  Application.

21          m.      On or about 11/8/2006, Defendant, RAUL GUTIERREZ, obtained
22  financing under Loan Number 11748519, from WMC Mortgage Corp., in the principal sum of
23  $79,000, for the purpose of purchasing the real property commonly known as 312 West 5th
24  Street 616, Los Angeles, CA 90013. Plaintiff, who is the assignee and current owner and/or
25  holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that
26  said Defendant obtained money and property by false pretenses, false representations, actual
27  fraud and/or the use of written statements, which Defendant caused to be made and/or published,
28  that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is

informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $25,000 per month as the owner of West Coast Mortgage, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, RAUL GUTIERREZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

n. On or about 12/22/2006, Defendant, EDUARDO RAMIREZ, obtained financing under Loan Number 11764491, from WMC Mortgage Corp., in the principal sum of $59,000, for the purpose of purchasing the real property commonly known as 67201 San Gabriel Circle, Cathedral City, CA 92234. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $6,600 per month as the owner, salesman, repairman, and maintenance man of Clear Pools, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, EDUARDO RAMIREZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

o. On or about 10/2/2006, Defendant, BRIAN URREA, obtained financing under Loan Number 11714218, from WMC Mortgage Corp., in the principal sum of $89,400, for the purpose of purchasing the real property commonly known as 4241 Rustic View Court, Moorpark, CA 93021. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use

17

1  of written statements, which Defendant caused to be made and/or published, that are materially
2  false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and
3  thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant
4  fraudulently misstated his/her monthly income as $12,000 per month as the owner of Urrea &
5  Sons Trucking Inc., Defendant (a) concealed his/her true income, (b) fraudulently misstated
6  his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan
7  transaction, BRIAN URREA defaulted on his/her payment obligations and his/her obligation to
8  re-verify the information contained in his/her Uniform Residential Loan Application.

9          p.      On or about 11/16/2006, Defendant, JORGE A. MORA, obtained
10  financing under Loan Number 261806657, from Argent Mortgage Company, LLC, in the
11  principal sum of $77,800, for the purpose of purchasing the real property commonly known as
12  26652 Hull Street, Romoland, CA 92585. Plaintiff, who is the assignee and current owner
13  and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges
14  that said Defendant obtained money and property by false pretenses, false representations, actual
15  fraud and/or the use of written statements, which Defendant caused to be made and/or published,
16  that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is
17  informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application,
18  wherein Defendant fraudulently misstated his/her monthly income as $8,371.74 per month as an
19  employee of JM Concrete, Defendant (a) concealed his/her true income, (b) fraudulently
20  misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After
21  the loan transaction, JORGE A. MORA defaulted on his/her payment obligations and his/her
22  obligation to re-verify the information contained in his/her Uniform Residential Loan
23  Application.

24          q.      On or about 11/21/2006, Defendant, NAIRA KOCHINYAN, obtained
25  financing under Loan Number 11763215, from WMC Mortgage Corp., in the principal sum of
26  $135,000, for the purpose of purchasing the real property commonly known as 21524 Villena
27  Street, Woodland Hills, CA 91364. Plaintiff, who is the assignee and current owner and/or
28  holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that

said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $15,842 per month as an employee of One Stop Construction, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, NAIRA KOCHINYAN defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

r. On or about 1/3/2007, Defendant, BERJ WARTANIAN, obtained financing under Loan Number 11787869, from GE Money Bank, in the principal sum of $200,000, for the purpose of purchasing the real property commonly known as 11908 Laughton Way, Nothridge, CA 91326. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $37,484.33 per month as an employee of Option Mortgage Lending, Inc., Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, BERJ WARTANIAN defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

s. On or about 1/10/2007, Defendant, GENARO MILLAN, obtained financing under Loan Number 11816634, from GE Money Bank, in the principal sum of $88,000, for the purpose of purchasing the real property commonly known as 13159 Newport

19

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

Street, Hesperia, CA 92344. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,750 per month as an employee of Toyota of Glendora, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, GENARO MILLAN defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

t. On or about 1/19/2007, Defendant, PORFIRIA MEDINA, obtained financing under Loan Number 11817225, from GE Money Bank, in the principal sum of $116,000, for the purpose of purchasing the real property commonly known as 781 West Ventura Street, Altadena, CA 91001. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $18,436 per month as an employee of Department of Public Social Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, PORFIRIA MEDINA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

u. On or about 1/26/2007, Defendant, LOREEN G. LEUNG, obtained financing under Loan Number 261806864, from Argent Mortgage Company, LLC, in the

principal sum of $101,000, for the purpose of purchasing the real property commonly known as 7529 Sweetmeadow Court, Highland, CA 92346. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,000 per month as an employee of Commerce Casino, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, LOREEN G. LEUNG defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

v.    On or about 1/17/2007, Defendant, SHIRLEY DEL VILLAR, obtained financing under Loan Number 263551523, from Argent Mortgage Company, LLC, in the principal sum of $123,000, for the purpose of purchasing the real property commonly known as 6011 Lucretia Avenue, Mira Loma, CA 91752. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $20,820.02 per month as an employee of Level One Finance, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, SHIRLEY DEL VILLAR defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

21

w.     On or about 1/24/2007, Defendant, MARA KAUFER, obtained financing under Loan Number 263551512, from Argent Mortgage Company, LLC, in the principal sum of $88,000, for the purpose of purchasing the real property commonly known as 637 Bluewater Way, Port Hueneme, CA 93041. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,237.25 per month as an employee of World Café, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARA KAUFER defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

x.     On or about 1/24/2007, Defendant, KEITH BORNSTEIN, obtained financing under Loan Number 263551512, from Argent Mortgage Company, LLC, in the principal sum of $88,000, for the purpose of purchasing the real property commonly known as 637 Bluewater Way, Port Hueneme, CA 93041. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $9,922.87 per month as an employee of Pico Train, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARA KAUFER defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

22

y.     On or about 1/8/2007, Defendant, JESUS RIVERA, obtained financing under Loan Number 263551569, from Argent Mortgage Company, LLC, in the principal sum of $115,000, for the purpose of purchasing the real property commonly known as 7776 Peachtree Ave., Los Angeles, CA 91402. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,500 per month as the owner of and graphics designer for New School Desings, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, JESUS RIVERA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

z.     On or about 2/21/2007, Defendant, DIANA LIRA, obtained financing under Loan Number 267759996, from Matrix Funding Services, in the principal sum of $140,000, for the purpose of purchasing the real property commonly known as 2915 Pasadena Ave., Los Angeles, CA 90031. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as an independent contractor of Prepaid Legal as $25,890 per month, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DIANA LIRA defaulted on his/her payment obligations and

his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

aa.     On or about 6/21/2006, Defendant, GEORGE E. SIMES, obtained financing under Loan Number 11593856, from WMC Mortgage Corp., in the principal sum of $75,295, for the purpose of purchasing the real property commonly known as 43750 32nd Street East, Lancaster, CA 93535. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $5,000.00 per month as an employee of In Home Support Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.     After the loan transaction, GEORGE E. SIMES defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

bb.     On or about 6/21/2006, Defendant, PEGGY SIMES, obtained financing under Loan Number 11593856, from WMC Mortgage Corp., in the principal sum of $75,295, for the purpose of purchasing the real property commonly known as 43750 32nd Street East, Lancaster, CA 93535. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,750 per month as an employee of Screen Actors Guild, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her

24

1  employer and/or (c) fraudulently misstated his/her employment history.   After the loan

2  transaction, PEGGY SIMES defaulted on his/her payment obligations and his/her obligation to

3  re-verify the information contained in his/her Uniform Residential Loan Application.

4           cc.     On or about 2/2/2007, Defendant, JAMES L. PETERS, obtained financing

5  under Loan Number 11827011, from GE Money Bank, in the principal sum of $115,000, for the

6  purpose of purchasing the real property commonly known as 3936 Buckingham Road, Los

7  Angeles, CA 90008.  Plaintiff, who is the assignee and current owner and/or holder of said Loan

8  and related mortgage note, is informed, believes, and thereon alleges that said Defendant

9  obtained money and property by false pretenses, false representations, actual fraud and/or the use

10 of written statements, which Defendant caused to be made and/or published, that are materially

11 false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and

12 thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant

13 fraudulently misstated his/her monthly income as $20,688.25 per month as an employee of

14 Department of VA Affairs - W. Los Angeles, Defendant (a) concealed his/her true income, (b)

15 fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment

16 history. After the loan transaction, JAMES L. PETERS defaulted on his/her payment obligations

17 and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan

18 Application.

19          dd.     On or about 10/6/2006, Defendant, CHRISTINA GARCIA, obtained

20 financing under Loan Number 11721437, from WMC Mortgage Corp., in the principal sum of

21 $119,000, for the purpose of purchasing the real property commonly known as 11508 206th St.,

22 Lakewood, CA 90715.  Plaintiff, who is the assignee and current owner and/or holder of said

23 Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant

24 obtained money and property by false pretenses, false representations, actual fraud and/or the use

25 of written statements, which Defendant caused to be made and/or published, that are materially

26 false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and

27 thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant

28 fraudulently misstated his/her monthly income as $13,900 per month as a wedding planner,

Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CHRISTINA GARCIA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ee. On or about 12/7/2006, Defendant, ESPERANZA IBARRA, obtained financing under Loan Number 11771571, from WMC Mortgage Corp., in the principal sum of $117,990, for the purpose of purchasing the real property commonly known as 7908 Marshall Court, Fontana, CA 92336. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,500.00 per month as a bridal designer/wedding coordinator, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, ESPERANZA IBARRA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ff. On or about 2/6/2007, Defendant, GRICIELO C. ANGELES, obtained financing under Loan Number 11792460, from GE Money Bank, in the principal sum of $106,946, for the purpose of purchasing the real property commonly known as 32943 Edinborough Way, Menifee, CA 92584. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application,

26

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

wherein Defendant fraudulently misstated his/her monthly income as $12,200 per month as an employee of Angeles Party Rentals and Pachanga Indian Casino, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, GRICIELO C. ANGELES defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

gg. On or about 11/16/2006, Defendant, PESHAAN R. WEDANARACHCHI, obtained financing under Loan Number 11757246, from WMC Mortgage Corp., in the principal sum of $199,800, for the purpose of purchasing the real property commonly known as 1511 South Camden Avenue, Ph 4, Los Angeles, CA 90025. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,000 per month as an employee of Shoe Pavillion, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, PESHAAN R. WEDANARACHCHI defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

hh. On or about 1/16/2007, Defendant, AL SHEHATA, obtained financing under Loan Number 11815972, from GE Money Bank, in the principal sum of $99,800, for the purpose of purchasing the real property commonly known as 5731 Satsuma Avenue North, Hollywood, CA 91601. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially

27

false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,500 per month as an employee of Discovery Guard, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, AL SHEHATA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ii. On or about 1/17/2007, Defendant, CARLOS GUTIERREZ, obtained financing under Loan Number 261805890, from Argent Mortgage Company, LLC, in the principal sum of $104,000, for the purpose of purchasing the real property commonly known as 15410 East Starbuck Street, Whittier, CA 90603. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $13,260 per month as the owner of Instar Flooring, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CARLOS GUTIERREZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

jj. On or about 1/12/2007, Defendant, DUANE A. MABSON, obtained financing under Loan Number 11801267, from GE Money Bank, in the principal sum of $89,250, for the purpose of purchasing the real property commonly known as 11729 Lemoli Avenue, Inglewood, CA 90303. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud

and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,700 per month as an employee of East West Art Dealers, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DUANE A. MABSON defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

kk.       On or about 12/13/2006, Defendant, MICHAEL PALACIOS, obtained financing under Loan Number 263551435, from Argent Mortgage Company, LLC, in the principal sum of $111,529, for the purpose of purchasing the real property commonly known as 835 Locust Avenue, Unit #218, Long Beach, CA 90813. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $18,000 per month as an employee of Insurance Tracking Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MICHAEL PALACIOS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ll.       On or about 12/29/2005, Defendant, GIEZI LOPEZ, obtained financing under Loan Number 261807595, from Argent Mortgage Company, LLC, in the principal sum of $85,000, for the purpose of purchasing the real property commonly known as 10300 Mary Avenue, Los Angeles, CA 90002. Plaintiff, who is the assignee and current owner and/or holder

of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,000 per month as the owner of Securitas Serving, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, GIEZI LOPEZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

mm. On or about 1/19/2007, Defendant, DAVID B. GIBBS, obtained financing under Loan Number 261807117, from Argent Mortgage Company, LLC, in the principal sum of $91,000, for the purpose of purchasing the real property commonly known as 32255 Desert Vista Road, Cathedral City, CA 92234. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,981.48 per month as an employee of Desert Sands Unified School District, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DAVID B. GIBBS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

nn. On or about 1/19/2007, Defendant, SANTIAGO VILLEGAS, obtained financing under Loan Number 261807117, from Argent Mortgage Company, LLC, in the principal sum of $91,000, for the purpose of purchasing the real property commonly known as

30

32255 Desert Vista Road, Cathedral City, CA 92234. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,804.26 per month as an employee of Desert Provider Cleaning Serv, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, SANTIAGO VILLEGAS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

oo. On or about 10/27/2006, Defendant, SALVADOR RUIZ, obtained financing under Loan Number 261808790, from Argent Mortgage Company, LLC, in the principal sum of $128,000, for the purpose of purchasing the real property commonly known as 518 Avenida Presidio, Walnut, CA 91789. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $18,000 per month as an employee of Carver Financial, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, SALVADOR RUIZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

pp. On or about 1/9/2007, Defendant, EMMANUEL NSAHLAI, obtained

financing under Loan Number 263551532, from Argent Mortgage Company, LLC, in the principal sum of $147,800, for the purpose of purchasing the real property commonly known as 12524 Albers Street, Los Angeles, CA 91607. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $15,000 per month as an employee of Manning, Narder, Kass, Ellrod, Ramirez, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, EMMANUEL NSAHLAI defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

qq.    On or about 12/1/2006, Defendant, MARIA DEL CARMEN HIDROGO, obtained financing under Loan Number 11772788, from WMC Mortgage Corp., in the principal sum of $100,000, for the purpose of purchasing the real property commonly known as 510 Nopal Walk, Unit # 89, Oxnard, CA 93030. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $7,800 per month as an employee of Art & Music Factory, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARIA DEL CARMEN HIDROGO defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform

32

1  Residential Loan Application.

2  rr. On or about 12/1/2006, Defendant, ALFREDO HIDROGO, obtained
3  financing under Loan Number 11772788, from WMC Mortgage Corp., in the principal sum of
4  $100,000, for the purpose of purchasing the real property commonly known as 510 Nopal Walk,
5  Unit # 89, Oxnard, CA 93030. Plaintiff, who is the assignee and current owner and/or holder of
6  said Loan and related mortgage note, is informed, believes, and thereon alleges that said
7  Defendant obtained money and property by false pretenses, false representations, actual fraud
8  and/or the use of written statements, which Defendant caused to be made and/or published, that
9  are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed,
10 believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein
11 Defendant fraudulently misstated his/her monthly income as $5,500 per month as an employee of
12 Counsel County of Ventura, Defendant (a) concealed his/her true income, (b) fraudulently
13 misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After
14 the loan transaction, ALFREDO HIDROGO defaulted on his/her payment obligations and
15 his/her obligation to re-verify the information contained in his/her Uniform Residential Loan
16 Application.

17 ss. On or about 10/3/2006, Defendant, MARIA AGUILAR, obtained
18 financing under Loan Number 11698712, from WMC Mortgage Corp., in the principal sum of
19 $75,000, for the purpose of purchasing the real property commonly known as 1030 Pennsylvania
20 Avenue, Colton, CA 92324. Plaintiff, who is the assignee and current owner and/or holder of
21 said Loan and related mortgage note, is informed, believes, and thereon alleges that said
22 Defendant obtained money and property by false pretenses, false representations, actual fraud
23 and/or the use of written statements, which Defendant caused to be made and/or published, that
24 are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed,
25 believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein
26 Defendant fraudulently misstated his/her monthly income as $6,500 per month as a self-
27 employed caregiver, Defendant (a) concealed his/her true income, (b) fraudulently misstated
28 his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan

33

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

1 transaction, MARIA AGUILAR defaulted on his/her payment obligations and his/her obligation
2 to re-verify the information contained in his/her Uniform Residential Loan Application.

3         tt.      On or about 11/14/2006, Defendant, JAVIER TOVAR, obtained financing
4 under Loan Number 11759875, from WMC Mortgage Corp., in the principal sum of $120,000,
5 for the purpose of purchasing the real property commonly known as 15019 Oswald Street,
6 Sylmar, CA 91342. Plaintiff, who is the assignee and current owner and/or holder of said Loan
7 and related mortgage note, is informed, believes, and thereon alleges that said Defendant
8 obtained money and property by false pretenses, false representations, actual fraud and/or the use
9 of written statements, which Defendant caused to be made and/or published, that are materially
10 false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and
11 thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant
12 fraudulently misstated his/her monthly income as $11,000 per month as an employee of Cali
13 Vasquez Landscaping and Tovar Landscape Design, Defendant (a) concealed his/her true
14 income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her
15 employment history. After the loan transaction, JAVIER TOVAR defaulted on his/her payment
16 obligations and his/her obligation to re-verify the information contained in his/her Uniform
17 Residential Loan Application.

18         uu.     On or about 1/2/2007, Defendant, ANTONIO CALLEJAS, obtained
19 financing under Loan Number 11809738, from GE Money Bank, in the principal sum of
20 $105,800, for the purpose of purchasing the real property commonly known as 28501 Cano,
21 Mission Viejo, CA 92692. Plaintiff, who is the assignee and current owner and/or holder of said
22 Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant
23 obtained money and property by false pretenses, false representations, actual fraud and/or the use
24 of written statements, which Defendant caused to be made and/or published, that are materially
25 false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and
26 thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant
27 fraudulently misstated his/her monthly income as $10,150 per month as the owner of Callejas
28 Land Designs, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her

34

employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, ANTONIO CALLEJAS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

vv. On or about 12/27/2006, Defendant, SANDRA ELIZABETH ESCOBAR DE ORTEGA, obtained financing under Loan Number 11801509, from WMC Mortgage Corp., in the principal sum of $144,000, for the purpose of purchasing the real property commonly known as 3701 South Alder St., Santa Ana, CA 92707. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $17,500 per month as the owner and director of Rainbow Family Shelter, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, SANDRA ELIZABETH ESCOBAR DE ORTEGA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ww. On or about 2/23/2007, Defendant, VICTOR A. ROMERO, obtained financing under Loan Number 261806051, from Argent Mortgage Company, LLC, in the principal sum of $116,000, for the purpose of purchasing the real property commonly known as 9029 Borson Street, Downy, CA 90242. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is

1 informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application,
2 wherein Defendant fraudulently misstated his/her monthly income as $11,756.79 per month as a
3 self-employed graphics/drawing designer, Defendant (a) concealed his/her true income, (b)
4 fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment
5 history. After the loan transaction, VICTOR A. ROMERO defaulted on his/her payment
6 obligations and his/her obligation to re-verify the information contained in his/her Uniform
7 Residential Loan Application.

8        xx.    On or about 12/8/2006, Defendant, JOE MONTOYA, obtained financing
9 under Loan Number 261807863, from Argent Mortgage Company, LLC, in the principal sum of
10 $112,180, for the purpose of purchasing the real property commonly known as 8245 Lemon
11 Circle, Buena Park, CA 90620. Plaintiff, who is the assignee and current owner and/or holder of
12 said Loan and related mortgage note, is informed, believes, and thereon alleges that said
13 Defendant obtained money and property by false pretenses, false representations, actual fraud
14 and/or the use of written statements, which Defendant caused to be made and/or published, that
15 are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed,
16 believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein
17 Defendant fraudulently misstated his/her monthly income as $10,700 per month as a
18 subcontractor, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her
19 employer and/or (c) fraudulently misstated his/her employment history. After the loan
20 transaction, JOE MONTOYA defaulted on his/her payment obligations and his/her obligation to
21 re-verify the information contained in his/her Uniform Residential Loan Application.

22        yy.    On or about 10/19/2006, Defendant, SILVIA RAQUEL SALAZAR,
23 obtained financing under Loan Number 261807739, from Argent Mortgage Company, LLC, in
24 the principal sum of $115,980, for the purpose of purchasing the real property commonly known
25 as 1413 East Hukee Avenue, Anaheim, CA 92805. Plaintiff, who is the assignee and current
26 owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon
27 alleges that said Defendant obtained money and property by false pretenses, false
28 representations, actual fraud and/or the use of written statements, which Defendant caused to be

made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $9,900.00 per month as the owner of S&S Catering & Special Event Planning, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, SILVIA RAQUEL SALAZAR defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

zz. On or about 1/8/2007, Defendant, ARLENE RANGEL, obtained financing under Loan Number 261806977, from Argent Mortgage Company, LLC, in the principal sum of $106,000, for the purpose of purchasing the real property commonly known as 16138 Canyon Ridge Road, Riverside, CA 92503. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $29,630.08 per month as an employee of Andre Photography, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, ARLENE RANGEL defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Contract against Defendants, allege as follows:

21. Plaintiff repeats and repleads paragraphs 1 through 20 and incorporates the

allegations by reference therein as though set forth below.

22. As described hereinabove in Paragraphs 4 through 20, Defendants entered into loan agreements and executed promissory notes for the purchase of real property.

23. As described hereinabove, Defendants materially breached their agreements by refusing to re-verify the information provided on the Uniform Residential Loan Application.

24. These were material breaches that have caused harm to Plaintiff and Plaintiff's injuries were natural, probable, and foreseeable consequences of Defendants' breaches of contract.

25. Plaintiff seeks specific performance, as to each and every Defendant, as agreed to by each and every Defendant in their Uniform Residential Loan Application, to re-verify the information provided and certified by each Defendant therein, including but not limited to ordering each and every Defendant to:

> a. Provide Plaintiff, by a reasonable date and time set by the Court, with a fully executed Form 4506-T for release of tax returns by the IRS for: (i) the tax year immediately preceding the loan transaction for each Defendant, (ii) the tax year of the loan transaction for each Defendant, and (iii) the tax year immediately following the loan transaction for each Defendant.

> b. Provide Plaintiff, by a reasonable date and time set by the Court, with Proof of Primary Residency of the real property purchased in each loan transaction by each Defendant, which includes, but is not limited to, a cable bill, a personal land-line telephone bill and/or homestead exemption form from the time the Defendant allegedly lived in the house as a primary residence.

26. Plaintiff seeks specific performance as to each Defendant as alleged hereinabove in Paragraph 25.

ALL FOR WHICH PLAINTIFF SEEKS SPECIFIC PERFORMANCE AND OTHER RELIEF AS PRAYED.

## **SECOND CLAIM FOR RELIEF**

(Intentional Misrepresentation/Fraud)

38

1    COMES NOW PLAINTIFF and for a separate and distinct CLAIM FOR RELIEF for
2  Intentional Misrepresentation against Defendants, alleges as follows:

3    27.  Plaintiff repeats and repleads paragraphs 1 through 26 and incorporates the
4  allegations by reference as though fully set-forth herein.

5    28.  Defendants prepared and submitted a loan application to Lender to secure a loan
6  for the purchase of their real properties.

7    29.  As alleged in Paragraphs 4 through 26, Plaintiff is informed, believes, and thereon
8  alleges that Defendants obtained money and property by false pretenses, false representations,
9  actual fraud and/or the use of written statements, which Defendants caused to be made and/or
10  published, that are materially false and upon which Lender reasonably relied.

11    30.  Plaintiff is informed, believes, and thereon alleges that Defendants intentionally
12  misstated their employment information (including but not limited to their employer and their
13  employment history), their income and/or intended use of the real property made the basis of
14  their loan applications to their Lenders.  Said intentional misstatements were made and/or
15  published for the purpose of inducing Lender to provide the loans for the purchase or refinance
16  of the Defendants' real property

17    31.  Plaintiff is informed, believes, and thereon alleges that the loans were approved
18  and loan proceeds were delivered to Defendants based upon the intentional misstatements made,
19  published, ratified and certified by Defendants.

20    32.  At the time of the execution of the loan, Defendants failed to disclose to Lender
21  that they did not and would not have been able to earn the amount of income as represented on
22  the loan applications.

23    33.  Plaintiff is informed, believes, and thereon alleges that when the Defendants' loan
24  was approved, the original lender had no reason to know of the true facts of Defendants'
25  employment history and/or financial condition.  Specifically, the original lender had no reason to
26  know that Defendants' incomes were substantially less than the amount falsely stated on their
27  loan applications.  The original lender also had no reason to know that Defendants' employment
28  histories, as noted in their loan applications, were inaccurate nor that Defendants intentionally

misstated their intention use of the real properties made the basis of their respective loans.

34. In addition, when Defendants entered into their respective loan transaction, Defendants made affirmative, written representations in one or more document, contract, agreement and/or writing, which may include but is not limited to their respective Deed of Trusts, that Defendants acknowledged, understood and agreed that they would be in default of their obligations pursuant to and/or under the loan transaction if they, or any persons or entities acting at their direction or with their knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the loan. Material representations include, but are not limited to, representations concerning Defendant's occupancy of the Property as Defendant's principal residence.

35. As described above, Plaintiff is informed, believes, and thereon alleges that these representations, warranties, and covenants were false. Defendants knew that Lender relied on their false representations, warranties, and covenants in executing the loan. On information and belief, Defendants knew that Lender would not have made the loan without such representations, warranties, and covenants.

36. In reasonable reliance upon the false statements of material fact, Lender entered into the Defendants' loan transactions and made the loans to and/or for the benefit of Defendants. The loans would not have been approved, nor paid, had the Lender known the true facts. Had Defendants made all of proper disclosures called for in the loan application to Lender, including the true amount of income, Lenders would not have entered into the loan, nor would it have advanced any funds to Defendants.

37. Lender's reliance on statements, concealment, and non-disclosures made by Defendants were reasonable and justified because, among other things, on information and believe, Defendants certified the truth of the statements in the loan application submitted, and Defendants further agreed that "the Lender....may continuously rely on the information contained in the application...."

38. Lender reasonably and detrimentally relied upon the false statements,

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

concealments, and non-disclosures of material fact caused by the Defendants' wrongful conduct. Plaintiff, as successor in interest to Lender, has suffered damages to the recently discovered fraud. Plaintiff seeks damages to each Defendant as per Paragraph 56.

39. Plaintiff alleges that Defendants' conduct as alleged herein was, and is, intentional, fraudulent, oppressive, malicious, and despicable, and undertaken with intent and reckless disregard for Plaintiff's legal and property rights, and calculated to place Plaintiff under great and severe hardship, thereby entitling Plaintiff to an award of punitive and exemplary damages against Defendants.

40. Plaintiff is, further, informed, believes, and thereon alleges that Defendants obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## THIRD CLAIM FOR RELIEF

(Fraudulent Concealment)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Fraudulent Concealment against Defendants, allege as follows:

41. Plaintiff repeats and repleads paragraphs 1 through 40 and incorporates the allegations by reference therein as though set forth below.

42. Defendants created false pretenses by concealing and/or suppressing material facts as alleged above, including the concealment of their accurate income, employment, and their purpose of purchasing the property.

43. The false pretenses created by Defendants and/or the information concealed by Defendants were material facts that Defendants were bound to disclose and nonetheless concealed by making false statements to the Lender on their loan application.

44. Plaintiff is informed, believes, and thereon alleges that Defendants concealed or suppressed these facts with the intent to defraud and induce their original lender to act as alleged

41

1  above. At the time, the original lender was unaware of the concealed or suppressed facts and
2  would not have taken the action if Lender had known these facts.

3       45. Lender's reliance on statements, concealment, and non-disclosures made by
4  Defendants were reasonable and justified because, among other things, on information and belief
5  Defendants certified the truth of the statements in the loan application submitted, and Defendants
6  further agreed that "the Lender….may continuously rely on the information contained in the
7  application…."

8       46. The concealment and non-disclosure of material facts by Defendants have caused
9  injury to the Plaintiff.

10       47. As successor in interest to Lender, Plaintiff has suffered damages as stated in
11  Paragraph 56 of this Complaint as per each Defendant and seeks same damages as per each
12  Defendant for this Fraudulent Concealment cause of action.

13  ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

14                 **FOURTH CLAIM FOR RELIEF**

15                 (Negligent Misrepresentation)

16       COMES NOW PLAINTIFF, who pleads for Negligent Misrepresentation against
17  Defendants, in the alternative to its claims for relief asserted hereinabove, and alleges as follows:

18

19       48. Plaintiff repeats and repleads paragraphs 1 through 47 and incorporates the
20  allegations by reference therein as though set forth below.

21       49. As alleged above, Plaintiff is informed, believes, and thereon alleges that
22  Defendants misstated their income on their Uniform Residential Loan Applications about the
23  material facts relating to their true income, their employment, and/or whether the real property
24  would be used as a primary residence.

25       50. Defendants had no reasonable ground to believe the amount of income,
26  employment information and/or the intended purpose of the real property to be purchased, would
27  be true.

28       51. The false statements made by Defendants were made with the intent to induce the

Lender to act on reliance of their representations.

52. Plaintiff is informed, believes, and thereon alleges that Defendants obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendants caused to be made and/or published, that are materially false and upon which Lender reasonably relied

53. As alleged above, the original lender had justifiable reliance upon the statements of Defendants, especially after the Defendants certified the truthfulness of their statements on the loan application.

54. As successor in interest to Lender, Defendants' conduct has harmed the Plaintiff.

55. Because of the harm caused by Defendants, Plaintiff seeks damages for this claim as detailed in Paragraph 56.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## DAMAGES

56. In total, Plaintiff seeks damages from each Defendant as detailed below:

a)   Defendant, SUSANA DAVID, in the amount of $145,000 in actual damages and $290,000 in punitive damages, for total damages in the amount of $435,000.

b)   Defendant, EVA LOPEZ MIGUEL, in the amount of $117,000 in actual damages and $234,000 in punitive damages, for total damages in the amount of $351,000.

c)   Defendant, DANIEL RANGEL SR., in the amount of $69,400 in actual damages and $138,800 in punitive damages, for total damages in the amount of $208,200.

d)   Defendant, CYNTHIA WRIGHT, in the amount of $39,684 in actual damages and $79,368 in punitive damages, for total damages in the amount of $119,052.

e)   Defendant, NARDA CHICA, in the amount of $120,000 in actual

damages and $240,000 in punitive damages, for total damages in the amount of $360,000.

f) Defendant, CRYSTAL OAKES, in the amount of $151,000 in actual damages and $302,000 in punitive damages, for total damages in the amount of $453,000.

g) Defendant, MARIA ARIAS, in the amount of $58,000 in actual damages and $116,000 in punitive damages, for total damages in the amount of $174,000.

h) Defendant, CARLOS WASHINGTON GARCIA, in the amount of $116,000 in actual damages and $232,000 in punitive damages, for total damages in the amount of $348,000.

i) Defendant, MAGDALENA ARREDONDO, in the amount of $240,000 in actual damages and $480,000 in punitive damages, for total damages in the amount of $720,000.

j) Defendants, ALVIN PAUL CAMPBELL and RENITA FAYE CAMPBELL, jointly and severally, in the amount of $130,000 in actual damages and $260,000 in punitive damages, for total damages in the amount of $390,000.

k) Defendant, MIKKI WADE, in the amount of $49,800 in actual damages and $99,600 in punitive damages, for total damages in the amount of $149,400.

l) Defendant, RAUL GUTIERREZ, in the amount of $79,000 in actual damages and $158,000 in punitive damages, for total damages in the amount of $237,000.

m) Defendant, EDUARDO RAMIREZ, in the amount of $59,000 in actual damages and $118,000 in punitive damages, for total damages in the amount of $177,000.

n) Defendant, BRIAN URREA, in the amount of $89,400 in actual

44

damages and $178,800 in punitive damages, for total damages in the amount of $268,200.

o)   Defendant, JORGE A. MORA, in the amount of $77,800 in actual damages and $155,600 in punitive damages, for total damages in the amount of $233,400.

p)   Defendant, NAIRA KOCHINYAN, in the amount of $135,000 in actual damages and $270,000 in punitive damages, for total damages in the amount of $405,000.

q)   Defendant, BERJ WARTANIAN, in the amount of $200,000 in actual damages and $400,000 in punitive damages, for total damages in the amount of $600,000.

r)   Defendant, GENARO MILLAN, in the amount of $88,000 in actual damages and $176,000 in punitive damages, for total damages in the amount of $264,000.

s)   Defendant, PORFIRIA MEDINA, in the amount of $116,000 in actual damages and $232,000 in punitive damages, for total damages in the amount of $348,000.

t)   Defendant, LOREEN G. LEUNG, in the amount of $101,000 in actual damages and $202,000 in punitive damages, for total damages in the amount of $303,000.

u)   Defendant, SHIRLEY DEL VILLAR, in the amount of $123,000 in actual damages and $246,000 in punitive damages, for total damages in the amount of $369,000.

v)   Defendants, MARA KAUFER and KEITH BORNSTEIN, jointly and severally, in the amount of $88,000 in actual damages and $176,000 in punitive damages, for total damages in the amount of $264,000.

w)   Defendant, JESUS RIVERA, in the amount of $115,000 in actual

damages and $230,000 in punitive damages, for total damages in the amount of $345,000.

x)  Defendant, DIANA LIRA, in the amount of $140,000 in actual damages and $280,000 in punitive damages, for total damages in the amount of $420,000.

y)  Defendants, GEORGE E. SIMES and PEGGY SIMES, jointly and severally, in the amount of $75,295 in actual damages and $150,590 in punitive damages, for total damages in the amount of $225,885.

z)  Defendant, JAMES L. PETERS, in the amount of $115,000 in actual damages and $230,000 in punitive damages, for total damages in the amount of $345,000.

aa)  Defendant, CHRISTINA GARCIA, in the amount of $119,000 in actual damages and $238,000 in punitive damages, for total damages in the amount of $357,000.

bb)  Defendant, ESPERANZA IBARRA, in the amount of $117,990 in actual damages and $235,980 in punitive damages, for total damages in the amount of $353,970.

cc)  Defendant, GRICIELO C. ANGELES, in the amount of $106,946 in actual damages and $213,892 in punitive damages, for total damages in the amount of $320,838.

dd)  Defendant, PESHAAN R. WEDANARACHCHI, in the amount of $199,800 in actual damages and $399,600 in punitive damages, for total damages in the amount of $599,400.

ee)  Defendant, AL SHEHATA, in the amount of $99,800 in actual damages and $199,600 in punitive damages, for total damages in the amount of $299,400.

ff)  Defendant, CARLOS GUTIERREZ, in the amount of $104,000 in actual damages and $208,000 in punitive damages, for total damages

46

in the amount of $312,000.

gg)  Defendant, DUANE A. MABSON, in the amount of $89,250 in actual damages and $178,500 in punitive damages, for total damages in the amount of $267,750.

hh)  Defendant, MICHAEL PALACIOS, in the amount of $111,529 in actual damages and $223,058 in punitive damages, for total damages in the amount of $334,587.

ii)  Defendant, GIEZI LOPEZ, in the amount of $85,000 in actual damages and $170,000 in punitive damages, for total damages in the amount of $255,000.

jj)  Defendants, DAVID B. GIBBS and SANTIAGO VILLEGAS, jointly and severally, in the amount of $91,000 in actual damages and $182,000 in punitive damages, for total damages in the amount of $273,000.

kk)  Defendant, SALVADOR RUIZ, in the amount of $128,000 in actual damages and $256,000 in punitive damages, for total damages in the amount of $384,000.

ll)  Defendant, EMMANUEL NSAHLAI, in the amount of $147,800 in actual damages and $295,600 in punitive damages, for total damages in the amount of $443,400.

mm)  Defendants, MARIA DEL CARMEN HIDROGO and ALFREDO HIDROGO, jointly and severally, in the amount of $100,000 in actual damages and $200,000 in punitive damages, for total damages in the amount of $300,000.

nn)  Defendant, MARIA AGUILAR, in the amount of $75,000 in actual damages and $150,000 in punitive damages, for total damages in the amount of $225,000.

oo)  Defendant, JAVIER TOVAR, in the amount of $120,000 in actual

47

damages and $240,000 in punitive damages, for total damages in the amount of $360,000.

pp)   Defendant, ANTONIO CALLEJAS, in the amount of $105,800 in actual damages and $211,600 in punitive damages, for total damages in the amount of $317,400.

qq)   Defendant, SANDRA ELIZABETH ESCOBAR DE ORTEGA, in the amount of $144,000 in actual damages and $288,000 in punitive damages, for total damages in the amount of $432,000.

rr)   Defendant, VICTOR A. ROMERO, in the amount of $116,000 in actual damages and $232,000 in punitive damages, for total damages in the amount of $348,000.

ss)   Defendant, JOE MONTOYA, in the amount of $112,180 in actual damages and $224,360 in punitive damages, for total damages in the amount of $336,540.

tt)   Defendant, SILVIA RAQUEL SALAZAR, in the amount of $115,980 in actual damages and $231,960 in punitive damages, for total damages in the amount of $347,940.

uu)   Defendant, ARLENE RANGEL, in the amount of $106,000 in actual damages and $212,000 in punitive damages, for total damages in the amount of $318,000.

## PRAYER FOR RELIEF

97.   WHEREFORE, Plaintiff asks that the Defendants be cited to appear and answer and that the Plaintiff be awarded damages, attorney's fees, specific performance, and any and all other relief.

DATED: February 1, 2010

Respectfully Submitted,
**Law Offices of Mokri & Associates**

By: _____

Brad A. Mokri,
Attorneys for Plaintiff
Heritage Pacific Financial LLC

48

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 133 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

BRAD A. MOKRI, SBN:208213
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. FIRST STREET, SUITE 900
SANTA ANA, CALIFORNIA 92705
TEL. NO.: (714)619-9395
FAX NO.: (714)619-9396

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| HERITAGE PACIFIC FINANCIAL LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV10-00133 JVS (MLGx)** |
| v. | |
| SUSANA DAVID; See Attached Documents for Additional Defendant Names, | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): _____ __ _____ _____ _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Brad A. Mokri_____, whose address is _1851 E. First Street, Suite 900, Santa Ana, California 92705_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __FEB - 4 2010__

By: __ROLLS ROYCE PASCHAL_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## ATTACHMENT TO SUMMONS
## ADDITIONAL NAMES

EVA LOPEZ MIGUEL; DANIEL RANGEL SR.; CYNTHIA WRIGHT; NARDA
CHICA; CRYSTAL OAKES; MARIA ARIAS; CARLOS WASHINGTON GARCIA;
MAGDALENA ARREDONDO; ALVIN PAUL CAMPBELL; RENITA FAYE
CAMPBELL; MIKKI WADE; RAUL GUTIERREZ; EDUARDO RAMIREZ; BRIAN
URREA; JORGE A. MORA; NAIRA KOCHINYAN; BERJ WARTANIAN; GENARO
MILLAN; PORFIRIA MEDINA; LOREEN G. LEUNG; SHIRLEY DEL VILLAR;
MARA KAUFER; KEITH BORNSTEIN; JESUS RIVERA; DIANA LIRA; GEORGE E.
SIMES; PEGGY SIMES; JAMES L. PETERS; CHRISTINA GARCIA; ESPERANZA
IBARRA; GRICIELO C. ANGELES; PESHAAN R. WEDANARACHCHI; AL
SHEHATA; CARLOS GUTIERREZ; DUANE A. MABSON; MICHAEL PALACIOS;
GIEZI LOPEZ; DAVID B. GIBBS; SANTIAGO VILLEGAS; SALVADOR RUIZ;
EMMANUEL NSAHLAI; MARIA DEL CARMEN HIDROGO; ALFREDO
HIDROGO; MARIA AGUILAR; JAVIER TOVAR; ANTONIO CALLEJAS; SANDRA
ELIZABETH ESCOBAR DE ORTEGA; VICTOR A. ROMERO; JOE MONTOYA;
SILVIA RAQUEL SALAZAR; and ARLENE RANGEL

Brad A. Mokri, SBN:208213
Law Offices of Mokri & Associates
1851 East First Street, Suite 900
Santa Ana, CA 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714) 619-9396

Attorney for Plaintiff
HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC
FINANCIAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> SUSANA DAVID; EVA LOPEZ MIGUEL; DANIEL RANGEL SR.; CYNTHIA WRIGHT; NARDA CHICA; CRYSTAL OAKES; MARIA ARIAS; CARLOS WASHINGTON GARCIA; MAGDALENA ARREDONDO; ALVIN PAUL CAMPBELL; RENITA FAYE CAMPBELL; MIKKI WADE; RAUL GUTIERREZ; EDUARDO RAMIREZ; BRIAN URREA; JORGE A. MORA; NAIRA KOCHINYAN; BERJ WARTANIAN; GENARO MILLAN; PORFIRIA MEDINA; LOREEN G. LEUNG; SHIRLEY DEL VILLAR; MARA KAUFER; KEITH BORNSTEIN; JESUS RIVERA; DIANA LIRA; GEORGE E. SIMES; | Case No. <br><br> COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE & OTHER EQUITABLE RELIEF <br><br> 1. Breach of Contract <br> 2. Intentional Misrepresentation <br> 3. Fraudulent Concealment <br> 4. Negligent Misrepresentation |

1

PEGGY SIMES; JAMES L. PETERS; CHRISTINA GARCIA; ESPERANZA IBARRA; GRICIELO C. ANGELES; PESHAAN R. WEDANARACHCHI; AL SHEHATA; CARLOS GUTIERREZ; DUANE A. MABSON; MICHAEL PALACIOS; GIEZI LOPEZ; DAVID B. GIBBS; SANTIAGO VILLEGAS; SALVADOR RUIZ; EMMANUEL NSAHLAI; MARIA DEL CARMEN HIDROGO; ALFREDO HIDROGO; MARIA AGUILAR; JAVIER TOVAR; ANTONIO CALLEJAS; SANDRA ELIZABETH ESCOBAR DE ORTEGA; VICTOR A. ROMERO; JOE MONTOYA; SILVIA RAQUEL SALAZAR; and ARLENE RANGEL,

Defendants.

---

**COMES NOW** PLAINTIFF, HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company, that alleges damages, specific performance, and seeks equitable relief against the Defendants, and each of them, as follows:

### JURISDICTION & VENUE

1.      This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332, because Plaintiff and Defendants are citizens of different states and the amount in damages that Plaintiff seeks to recover from each Defendant exceeds $75,000.00. Venue is conferred as the property is located, the transactions took place and/or Defendants reside within the boundaries of the United States District Court for this district in California.

### PARTIES

2.      Plaintiff, HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL (hereinafter "Plaintiff" or "HPF"), is a limited liability company organized under the laws of the State of Texas with its principal balance of business in Dallas

2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>HERITAGE PACIFIC FINANCIAL LLC D/B/A HERITAGE PACIFIC<br>FINANCIAL, a Texas Limited Liability Company | DEFENDANTS<br>SUSANA, DAVID, ET AL. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>BRAD A. MOKRI / LAW OFFICES OF MOKRI & ASSOCIATES<br>1851 E. FIRST STREET, SUITE 900<br>SANTA ANA, CA. 92705, TEL: (714)619-9395 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt | Enforcement of Judgment | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| Organizations | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | Veterans) | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | Veteran's Benefits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare<br>☐ 445 American with Disabilities - | ☐ 630 Liquor Laws | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | **REAL PROPERTY** | Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 220 Foreclosure | Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

## SACV10-00133 JVS (MLGx)

FOR OFFICE USE ONLY: Case Number: CV10-0394-PSG(JCMx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): CV10-0394-PSG(JCMx)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV10-0394 - PSG (JCMx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| DALLAS COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange, San Bernardino, Riverside, & Ventura | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange, San Bernardino, Riverside, & Ventura | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date FEBRUARY 1, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |