1   BRAD A. MOKRI, SBN:208213
2   LAW OFFICES OF MOKRI & ASSOCIATES
    1851 East First Street, Suite 900
3   Santa Ana, CA 92705
    Telephone No.: (714) 619-9395
4   Facsimile No.:  (714) 619-9396

5   Attorney for Plaintiff
    HERITAGE PACIFIC FINANCIAL, LLC
6   d/b/a HERITAGE PACIFIC FINANCIAL



7

8

9                   UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11   HERITAGE PACIFIC FINANCIAL,        Case No.:
     LLC D/B/A HERITAGE PACIFIC         SACV10-00133 JVS (MLGx)
12   FINANCIAL,    a    Texas   Limited
     Liability Company,
13
                      Plaintiff,
14
                 v.
15
16   SUSANA    DAVID;    EVA    LOPEZ    FIRST AMENDED COMPLAINT
     MIGUEL; DANIEL RANGEL SR.;         FORDAMAGES, SPECIFIC
17   CYNTHIA      WRIGHT;      NARDA     PERFORMANCE AND OTHER
     CHICA; CRYSTAL OAKES; MARIA        EQUITABLE RELIEF
18
     ARIAS;   CARLOS   WASHINGTON
19   GARCIA; MAGDALENA ARREDONDO;
20   ALVIN PAUL CAMPBELL; RENITA        1. Breach of Contract
     FAYE CAMPBELL; MIKKI WADE;         2. Intentional
21   RAUL    GUTIERREZ;    EDUARDO          Misrepresentation
22   RAMIREZ; BRIAN URREA; JORGE        3. Fraudulent Concealment
     A. MORA;  NAIRA  KOCHINYAN;        4. Negligent Misrepresentation
23   BERJ    WARTANIAN;     GENARO
24   MILLAN;   PORFIRIA   MEDINA;
     LOREEN G. LEUNG; SHIRLEY DEL
25   VILLAR; MARA KAUFER; KEITH
26   BORNSTEIN;    JESUS    RIVERA;
     DIANA LIRA; GEORGE E. SIMES;
27   PEGGY SIMES; JAMES L. PETERS;
28   CHRISTINA GARCIA; ESPERANZA

                                   1

---

IBARRA; GRICIELO C. ANGELES;
PESHAAN R. WEDANARACHCHI;
AL SHEHATA; CARLOS GUTIERREZ;
DUANE A. MABSON; MICHAEL
PALACIOS; GIEZI LOPEZ; DAVID
B. GIBBS; SANTIAGO VILLEGAS;
SALVADOR RUIZ; EMMANUEL
NSAHLAI; MARIA DEL CARMEN
HIDROGO; ALFREDO HIDROGO;
MARIA AGUILAR; JAVIER TOVAR;
ANTONIO CALLEJAS; SANDRA
ELIZABETH ESCOBAR DE ORTEGA;
VICTOR A. ROMERO; JOE
MONTOYA; SILVIA RAQUEL
SALAZAR; and ARLENE RANGEL,

Defendants.

COMES NOW PLAINTIFF, HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company, that alleges damages, specific performance, and seeks equitable relief against the Defendants, and each of them, as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332, because Plaintiff and Defendants are citizens of different states and the amount in damages that Plaintiff seeks to recover from each Defendant exceeds $75,000.00. Venue is conferred as the property is located, the transactions took place and/or Defendants reside within the boundaries of the United States District Court for this district in California.

## PARTIES

2. Plaintiff, HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL (hereinafter "Plaintiff" or "HPF"), is a limited liability company organized under the laws of the State of Texas with its principal balance of business in Dallas County, Texas. HPF is an unincorporated association of which Chris Ganter and Ben Ganter are

members.  Both Chris Ganter and Ben Ganter are citizens of the State of Texas.

3.     Plaintiff is informed, believes, and thereon alleges that Defendants, individually named and collectively hereinafter referred to as "Defendants," are individuals residing at their respective residences noted below and/or may be served with process at their respective places of employment, to wit:

a.     DEFENDANT, **SUSANA DAVID**, is an individual, residing at **22806 Califa Street, Woodland Hills, CA 91367.**

b.     DEFENDANT, **EVA LOPEZ MIGUEL**, is an individual, residing at **7054 Sylvia Avenue, Reseda, CA 91335.**

c.     DEFENDANT, **DANIEL RANGEL SR.**, is an individual, who purchased real property commonly known as 2864 Sawbills Court, West Sacramento, CA 95691, and may be served with process at Defendant's last known place of employment being **Christ's Church of the Valley, at 1404 W. Covina Blvd., San Dimas, CA 91773.**

d.     DEFENDANT, **CYNTHIA WRIGHT**, is an individual, who purchased real property commonly known as 45418 Robinson Drive, Lancaster, CA 93535, and may be served with process at Defendant's last known place of employment being **Benjamin O'Davis Jr. Middle School, at 621 West Poplar St., Compton, CA 90220.**

e.     DEFENDANT, **NARDA CHICA**, is an individual, residing at **6231 1/2 Mayflower Ave., Bell, CA 90201.**

f.     DEFENDANT, **CRYSTAL OAKES**, is an individual, residing at **711 Bridle Trail Rd., Walnut, CA 91789-1903.**

g.     DEFENDANT, **MARIA ARIAS**, is an individual, residing at **17836 Miller Ave., Fontana, CA 92336.**

h.     DEFENDANT, **CARLOS WASHINGTON GARCIA**, is an individual, residing at **634 S. Sonya Pl., Anaheim, CA 92802.**

i.     DEFENDANT, **MAGDALENA ARREDONDO**, is an individual, residing at **6452 Fulton Ave., Van Nuys, CA 91401.**

j.     DEFENDANT, **ALVIN PAUL CAMPBELL**, is an individual, residing at

1  15220 South Visalia Avenue, Compton, CA 90220.

2          k.      DEFENDANT, **RENITA FAYE CAMPBELL**, is an individual, residing

3  at 15220 South Visalia Avenue, Compton, CA 90220, and may be served with process at

4  Defendant's last known place of employment being **Pate/Ingram**, at **9613 S. 11th, Inglewood,**

5  **CA 90305.**

6          l.      DEFENDANT, **MIKKI WADE**, is an individual, residing at **331 North**

7  **Cordova Street, Burbank, CA 91505**, and may be served with process at Defendant's last

8  known place of employment being **True Realty, Inc.**, at **827 North Hollywood Way #210,**

9  **Burbank, CA 91505.**

10          m.      DEFENDANT, **RAUL GUTIERREZ**, is an individual, who purchased

11  real property commonly known as 312 West 5th Street 616, Los Angeles, CA 90013, and may be

12  served with process at Defendant's last known place of employment being **West Coast**

13  **Mortgage, at 400 N. Brand Boulevard, Suite 900, Glendale, CA 91203.**

14          n.      DEFENDANT, **EDUARDO RAMIREZ**, is an individual, residing at

15  **2749 S. Orange Drive, Los Angeles, CA 90016.**

16          o.      DEFENDANT, **BRIAN URREA**, is an individual, who purchased real

17  property commonly known as 4241 Rustic View Court, Moorpark, CA 93021, and may be

18  served with process at Defendant's last known place of employment being **Urrea & Sons**

19  **Trucking, at 14110 Princeton Ave., Moorpark, CA 93021.**

20          p.      DEFENDANT, **JORGE A. MORA**, is an individual, residing at **16440**

21  **Zocalo Pl., Apt. 208, Moreno Valley, CA 92551.**

22          q.      DEFENDANT, **NAIRA KOCHINYAN**, is an individual, residing at

23  **10441 McVine Ave., Apt. 13, Sunland, CA 91040.**

24          r.      DEFENDANT, **BERJ WARTANIAN**, is an individual, residing at

25  **11908 Laughton Way, Northridge, CA 91326.**

26          s.      DEFENDANT, **GENARO MILLAN**, is an individual, who purchased

27  real property commonly known as **13159 Newport Street, Hesperia, CA 92344**, and may be

28  served with process at Defendant's last known place of employment being **Toyota of Glendora**

4

at **1949 Auto Center, Glendora, CA 91740.**

t.   DEFENDANT, **PORFIRIA MEDINA**, is an individual, who purchased real property commonly known as **781 West Ventura Street, Altadena, CA 91001**, and may be served with process at Defendant's last known place of employment being **Department of Public Social Services at 3435 Wilshire Blvd., Los Angeles, CA 90010.**

u.   DEFENDANT, **LOREEN G. LEUNG**, is an individual, who purchased real property commonly known as **7529 Sweetmeadow Court, Highland, CA 92346**, and may be served with process at Defendant's last known place of employment being **Commerce Casino at 6131 East Telegraph Road, Los Angeles, CA 90040.**

v.   DEFENDANT, **SHIRLEY DEL VILLAR**, is an individual, residing at **554 S Reverse St., Anaheim, CA 92805.**

w.   DEFENDANT, **MARA KAUFER**, is an individual, residing at **1137 6th St., Apt. 306, Santa Monica, CA 90403.**

x.   DEFENDANT, **KEITH BORNSTEIN**, is an individual, residing at **1137 6th St., Apt. 306, Santa Monica, CA 90403.**

y.   DEFENDANT, **JESUS RIVERA**, is an individual, residing at **1706 W. 38th St., Los Angeles, CA 90062.**

z.   DEFENDANT, **DIANA LIRA**, is an individual, residing at **2915 Pasadena Ave., Los Angeles, CA 90031.**

aa.   DEFENDANT, **GEORGE E. SIMES**, is an individual, who purchased real property commonly known as 43750 32nd Street East, Lancaster, CA 93535, and may be served with process at Defendant's last known place of employment being **Screen Actors Guild, at 5757 Wilshire Blvd., 7th Floor, Los Angeles, CA 90036.**

bb.   DEFENDANT, **PEGGY SIMES**, is an individual, who purchased real property commonly known as 43750 32nd Street East, Lancaster, CA 93535, and may be served with process at Defendant's last known place of employment being **Screen Actors Guild, at 5757 Wilshire Blvd., 7th Floor, Los Angeles, CA 90036.**

cc.   DEFENDANT, **JAMES L. PETERS**, is an individual, who purchased

5

real property commonly known as 3936 Buckingham Road, Los Angeles, CA 90008, and may be served with process at Defendant's last known place of employment being **Department of VA Affairs, at 11301 Wilshire Blvd., Los Angeles, CA 90073.**

dd.    DEFENDANT, **CHRISTINA GARCIA**, is an individual, residing at **8608 Artesia Blvd., Apt. 32, Bellflower, CA 90706.**

ee.    DEFENDANT, **ESPERANZA IBARRA**, is an individual, residing at **9037 Box Elder Ct., Fontana, CA 92335.**

ff.    DEFENDANT, **GRICIELO C. ANGELES**, is an individual, who purchased real property commonly known as 32943 Edinborough Way, Menifee, CA 92584, and may be served with process at Defendant's last known place of employment being **Angeles Party Rentals, at 28673 Broadstone Way, Menifee, CA 92584.**

gg.    DEFENDANT, **PESHAAN R. WEDANARACHCHI**, is an individual, residing at **17805 Lemarsh St., Northridge, CA 91325.**

hh.    DEFENDANT, **AL SHEHATA**, is an individual, residing at **13227 S. Roselle Ave., Hawthorne, CA 90250.**

ii.    DEFENDANT, **CARLOS GUTIERREZ**, is an individual, residing at **14138 Reis St., Whittier, CA 90604.**

jj.    DEFENDANT, **DUANE A. MABSON**, is an individual, residing at **4551 W. Martin Luther King Jr. Blvd., Los Angeles, CA 90016.**

kk.    DEFENDANT, **MICHAEL PALACIOS**, is an individual, residing at **400 W. Ocean Blvd., Unit 706, Long Beach, CA 90802.**

ll.    DEFENDANT, **GIEZI LOPEZ**, is an individual, residing at **1307 W Florence Ave, Los Angeles, CA 90044.**

mm.    DEFENDANT, **DAVID B. GIBBS**, is an individual, who purchased real property commonly known as 32255 Desert Vista Road, Cathedral City, CA 92234, and may be served with process at Defendant's last known place of employment being **Dr. Reynaldo J. Carreon Jr. Academy, at 47368 Monroe St., Indio, CA 92201.**

nn.    DEFENDANT, **SANTIAGO VILLEGAS**, is an individual, who

1  purchased real property commonly known as 32255 Desert Vista Road, Cathedral City, CA
2  92234, and may be served with process at **48566 Anastacia Ct., Indio, CA 92201**.

3  　　　　　oo.　　DEFENDANT, **SALVADOR RUIZ**, is an individual, residing at **518**
4  **Avenida Presidio, Walnut, CA 91789**.

5  　　　　　pp.　　DEFENDANT, **EMMANUEL NSAHLAI**, is an individual, residing at
6  **1733 Malcolm Ave. # 4, Los Angeles, CA 90024**.

7  　　　　　qq.　　DEFENDANT, **MARIA DEL CARMEN HIDROGO**, is an individual,
8  residing at **309 E. Maple St., Oxnard, CA 93033**.

9  　　　　　rr.　　DEFENDANT, **ALFREDO HIDROGO**, is an individual, residing at **309**
10 **E. Maple St., Oxnard, CA 93033**.

11 　　　　　ss.　　DEFENDANT, **MARIA AGUILAR**, is an individual, residing at **531 W.**
12 **Duarte Rd. # F, Monrovia, CA 91016**.

13 　　　　　tt.　　DEFENDANT, **JAVIER TOVAR**, is an individual, residing at **4508**
14 **Enconta Ave., Rosemead, CA 91770**.

15 　　　　　uu.　　DEFENDANT, **ANTONIO CALLEJAS**, is an individual, residing at
16 **24950 Via Florecer, Apt. 33, Mission Viejo, CA 92692**.

17 　　　　　vv.　　DEFENDANT, **SANDRA ELIZABETH ESCOBAR DE ORTEGA**, is
18 an individual, residing at **3726 S. Sycamore St., Santa Ana, CA 92707**.

19 　　　　　ww.　　DEFENDANT, **VICTOR A. ROMERO**, is an individual, residing at
20 **11073 Wright Rd. #B, Lynwood, CA 90262**.

21 　　　　　xx.　　DEFENDANT, **JOE MONTOYA**, is an individual, residing at **2155 E**
22 **Garvey Ave. N, Suite B8, West Covina, CA 91791**.

23 　　　　　yy.　　DEFENDANT, **SILVIA RAQUEL SALAZAR**, is an individual, residing
24 at **1251 N Placentia Ave. #115, Anaheim, CA 92806**.

25 　　　　　zz.　　DEFENDANT, **ARLENE RANGEL**, is an individual, residing at **1300**
26 **West Lido Place, Apt. E, Anaheim, CA 92801**.

27 　　　　　　　　　　　**PRELIMINARY ALLEGATIONS**
28 　　　　　4.　　At all times relevant herein, Plaintiff is the assignee and current owner and/or

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

holder of each Defendant's loan and related mortgage note.

5.   Plaintiff is informed and believes, and thereon alleges that Defendants are now and/or at such times referenced in this Complaint, individuals residing in the State of California and/or purchasers of real property within the State of California, which they claimed would be used as their primary residence.

6.   Plaintiff is informed and believes, and thereon alleges, Defendants in each of their loan transactions actively devised and executed a scheme to prepare, submit and close fraudulent interstate real estate financing transactions, with financial institutions among the intended victims of their criminal acts, in violation of 18 U.S.C. §§ 1343-44.   Plaintiff is informed and believes, and thereon alleges, that Defendants obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendants caused to be made and/or published, that are materially false and upon which Lender reasonably relied.

7.   Defendants committed the acts, caused or directed others to commit the acts and/or omissions, or instructed, authorized, permitted, encouraged, facilitated, assisted and/or ratified the acts and/or omissions of their agents.   Defendants knew or realized their agents were engaging in or planned to engage in violations of civil and criminal law in this Complaint.

## STATEMENT OF FACTS

8.   As detailed below in this Complaint, each Defendant sought to purchase real property in the State of California.

9.   In an effort to obtain funds to purchase their properties, Defendants applied for and obtained loans and completed, or caused to have completed on their behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which the Defendants executed and signed.

10.   On each Uniform Residential Loan Application, each Defendant certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein.

11.   Among the information provided and certified by Defendants in their Uniform Residential Loan Application, the Plaintiffs were required to certify information regarding their

8

current employer, statements of their gross monthly income, and to certify that they intended to use the loan proceeds to purchase real property which Defendants intended to use as their primary residence.

12.   In furtherance of their effort, because Defendants knew that their then-current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes, and thereon alleges that the Defendants:

a)   Provided, prepared, caused to be prepared, false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

b)   Certified false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence; and

c)   Caused their agents to submit to lenders false loan applications and other loan related documents.

13.   Plaintiff is informed, believes, and thereon alleges that Defendants directed, instructed, and caused to have transmitted their false loan application and supporting documentation to lenders even though Defendants knew the information in the loan application and supporting documentation were false in material respects.

14.   Lenders did not know, and had no reason to know, that the information and documentation provided by Defendants in and in conjunction with their loan applications was false, and in reliance on the information and documentation provided by Defendants to lenders therein approved the loan.

15.   Defendants executed promissory notes in favor of their initial lender, their successors, transferees, and assigns (collectively hereinafter "LENDER").

16.   The proceeds of the loans, as referenced in the promissory notes, were to be used by Defendants in the purchase or refinance of the properties described therein.  In exchange, Defendants agreed and promised to pay Lender according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

17.   Lenders fully performed, and Defendants acquired title to the properties.

18.   The promissory notes were duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of each Defendant's Loan and related mortgage note.

19.   Defendants have defaulted on their obligations to re-verify the information contained in their Uniform Residential Loan Application.  Despite Plaintiff's attempts to secure information from Defendants to re-verify the information contained in their loan applications, Defendants have failed and/or refused to comply with Plaintiff's requests.

20.   Specifically:

a.   On or about 1/12/2007, Defendant, SUSANA DAVID, obtained financing under Loan Number 11809008, from GE Money Bank, in the principal sum of $145,000, for the purpose of purchasing the real property commonly known as 9140 Langdon Avenue, North Hills, CA 91343.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $23,000 per month as an employee of Novel Home Health Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, SUSANA DAVID defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

b.   On or about 12/14/2006, Defendant, EVA LOPEZ MIGUEL, obtained financing under Loan Number 11776884, from WMC MORTGAGE CORP, in the principal sum of $117,000, for the purpose of purchasing the real property commonly known as 20736 Gault Street, Winnetka, CA 91306.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said

Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $13,000 per month as a self-employed housekeeper and industrial cleaner, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, EVA LOPEZ MIGUEL defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

   c.   On or about 1/4/2007, Defendant, DANIEL RANGEL SR., obtained financing under Loan Number 11805423, from GE Money Bank, in the principal sum of $69,400, for the purpose of purchasing the real property commonly known as 2864 Sawbills Ct., West Sacramento, CA 95691. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $7,500 per month as an employee of Victory Outreach, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DANIEL RANGEL SR. defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

   d.   On or about 7/11/2006, Defendant, CYNTHIA WRIGHT, obtained financing under Loan Number 11620181, from Golden Empire Mortgage Inc., in the principal sum of $39,684, for the purpose of purchasing the real property commonly known as 45418

1   Robinson Drive, Lancaster, CA 93535.  Plaintiff, who is the assignee and current owner and/or

2   holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that

3   said Defendant obtained money and property by false pretenses, false representations, actual

4   fraud and/or the use of written statements, which Defendant caused to be made and/or published,

5   that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is

6   informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application,

7   wherein Defendant fraudulently misstated his/her monthly income as $7,511 per month as an

8   employee of Compton Unified School District, Defendant (a) concealed his/her true income, (b)

9   fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment

10  history.   After the loan transaction, CYNTHIA WRIGHT defaulted on his/her payment

11  obligations and his/her obligation to re-verify the information contained in his/her Uniform

12  Residential Loan Application.

13          e.      On or about 12/27/2006, Defendant, NARDA CHICA, obtained financing

14  under Loan Number 11779765, from WMC Mortgage Corp., in the principal sum of $120,000,

15  for the purpose of purchasing the real property commonly known as 3818 East La Jara Street,

16  Long Beach, CA 90805.  Plaintiff, who is the assignee and current owner and/or holder of said

17  Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant

18  obtained money and property by false pretenses, false representations, actual fraud and/or the use

19  of written statements, which Defendant caused to be made and/or published, that are materially

20  false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and

21  thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant

22  fraudulently misstated his/her monthly income as $13,490 per month as an employee of Forklift

23  Clinic, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer

24  and/or (c) fraudulently misstated his/her employment history.   After the loan transaction,

25  NARDA CHICA defaulted on his/her payment obligations and his/her obligation to re-verify the

26  information contained in his/her Uniform Residential Loan Application.

27          f.      On  or  about  1/26/2007,  Defendant,  CRYSTAL  OAKES,  obtained

28  financing under Loan Number 11832355, from GE Money Bank, in the principal sum of

12

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

$151,000, for the purpose of purchasing the real property commonly known as 5177 Costello Avenue, Sheman Oaks, CA 91423. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $20,000 per month as an employee of Century 21 Diamond Realty, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CRYSTAL OAKES defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

g.      On or about 12/14/2006, Defendant, MARIA ARIAS, obtained financing under Loan Number 11791042, from WMC Mortgage Corp., in the principal sum of $58,000, for the purpose of purchasing the real property commonly known as 271 East 41st Street, San Bernardino, CA 92404. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her self-employment monthly income as $4,800 per month selling jewelry and clothing, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARIA ARIAS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

h.      On or about 2/5/2007, Defendant, CARLOS WASHINGTON GARCIA,

obtained financing under Loan Number 11815912, from GE Money Bank, in the principal sum of $116,000, for the purpose of purchasing the real property commonly known as 6133 Lytle Creek Road, Fontana, CA 92336. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $16,750 per month as an employee of City Realty Inc., Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CARLOS WASHINGTON GARCIA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

i.      On or about 1/8/2007, Defendant, MAGDALENA ARREDONDO, obtained financing under Loan Number 261807782, from Argent Mortgage Company, LLC, in the principal sum of $240,000, for the purpose of purchasing the real property commonly known as 18412 Hampton Court, Northridge, CA 91326. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $39,375.27 per month as the owner of Arcemios Furniture Corporation, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MAGDALENA ARREDONDO defaulted on his/her payment obligations and his/her obligation to re-verify the

14

information contained in his/her Uniform Residential Loan Application.

j.    On or about 8/18/2006, Defendant, ALVIN PAUL CAMPBELL, obtained financing under Loan Number 11662694, from WMC Mortgage Corp., in the principal sum of $130,000, for the purpose of purchasing the real property commonly known as 1210 Cottage Place, Gardena, CA 90247.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,141.00 per month as the owner of and locksmith for Keys & Things, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, ALVIN PAUL CAMPBELL defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

k.    On or about 8/18/2006, Defendant, RENITA FAYE CAMPBELL, obtained financing under Loan Number 11662694, from WMC Mortgage Corp., in the principal sum of $130,000, for the purpose of purchasing the real property commonly known as 1210 Cottage Place, Gardena, CA 90247.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $5,092.00 per month as an employee of Pate/Ingram, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After

the loan transaction, RENITA FAYE CAMPBELL defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

l.     On or about 12/8/2006, Defendant, MIKKI WADE, obtained financing under Loan Number 11791407, from WMC Mortgage Corp., in the principal sum of $49,800, for the purpose of purchasing the real property commonly known as 7849 Sunny Vista Rd., Joshua Tree, CA 92252. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $19,818.25 per month as an employee of Global Media Wireless, Inc., Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MIKKI WADE defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

m.     On or about 11/8/2006, Defendant, RAUL GUTIERREZ, obtained financing under Loan Number 11748519, from WMC Mortgage Corp., in the principal sum of $79,000, for the purpose of purchasing the real property commonly known as 312 West 5th Street 616, Los Angeles, CA 90013. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $25,000 per month as the

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

owner of West Coast Mortgage, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, RAUL GUTIERREZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

n.     On or about 12/22/2006, Defendant, EDUARDO RAMIREZ, obtained financing under Loan Number 11764491, from WMC Mortgage Corp., in the principal sum of $59,000, for the purpose of purchasing the real property commonly known as 67201 San Gabriel Circle, Cathedral City, CA 92234.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $6,600 per month as the owner, salesman, repairman, and maintenance man of Clear Pools, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, EDUARDO RAMIREZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

o.     On or about 10/2/2006, Defendant, BRIAN URREA, obtained financing under Loan Number 11714218, from WMC Mortgage Corp., in the principal sum of $89,400, for the purpose of purchasing the real property commonly known as 4241 Rustic View Court, Moorpark, CA 93021.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $12,000 per month as the owner of Urrea & Sons Trucking Inc., Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, BRIAN URREA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

p.      On or about 11/16/2006, Defendant, JORGE A. MORA, obtained financing under Loan Number 261806657, from Argent Mortgage Company, LLC, in the principal sum of $77,800, for the purpose of purchasing the real property commonly known as 26652 Hull Street, Romoland, CA 92585. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,371.74 per month as an employee of JM Concrete, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, JORGE A. MORA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

q.      On or about 11/21/2006, Defendant, NAIRA KOCHINYAN, obtained financing under Loan Number 11763215, from WMC Mortgage Corp., in the principal sum of $135,000, for the purpose of purchasing the real property commonly known as 21524 Villena Street, Woodland Hills, CA 91364. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published,

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $15,842 per month as an employee of One Stop Construction, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, NAIRA KOCHINYAN defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

r.      On or about 1/3/2007, Defendant, BERJ WARTANIAN, obtained financing under Loan Number 11787869, from GE Money Bank, in the principal sum of $200,000, for the purpose of purchasing the real property commonly known as 11908 Laughton Way, Nothridge, CA 91326. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $37,484.33 per month as an employee of Option Mortgage Lending, Inc., Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, BERJ WARTANIAN defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

s.      On or about 1/10/2007, Defendant, GENARO MILLAN, obtained financing under Loan Number 11816634, from GE Money Bank, in the principal sum of $88,000, for the purpose of purchasing the real property commonly known as 13159 Newport Street, Hesperia, CA 92344. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,750 per month as an employee of Toyota of Glendora, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, GENARO MILLAN defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

t.     On or about 1/19/2007, Defendant, PORFIRIA MEDINA, obtained financing under Loan Number 11817225, from GE Money Bank, in the principal sum of $116,000, for the purpose of purchasing the real property commonly known as 781 West Ventura Street, Altadena, CA 91001.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $18,436 per month as an employee of Department of Public Social Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.   After the loan transaction, PORFIRIA MEDINA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

u.     On or about 1/26/2007, Defendant, LOREEN G. LEUNG, obtained financing under Loan Number 261806864, from Argent Mortgage Company, LLC, in the principal sum of $101,000, for the purpose of purchasing the real property commonly known as 7529 Sweetmeadow Court, Highland, CA 92346.  Plaintiff, who is the assignee and current

owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,000 per month as an employee of Commerce Casino, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, LOREEN G. LEUNG defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

v.    On or about 1/17/2007, Defendant, SHIRLEY DEL VILLAR, obtained financing under Loan Number 263551523, from Argent Mortgage Company, LLC, in the principal sum of $123,000, for the purpose of purchasing the real property commonly known as 6011 Lucretia Avenue, Mira Loma, CA 91752. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $20,820.02 per month as an employee of Level One Finance, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, SHIRLEY DEL VILLAR defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

w.    On or about 1/24/2007, Defendant, MARA KAUFER, obtained financing under Loan Number 263551512, from Argent Mortgage Company, LLC, in the principal sum of

$88,000, for the purpose of purchasing the real property commonly known as 637 Bluewater Way, Port Hueneme, CA 93041. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,237.25 per month as an employee of World Café, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARA KAUFER defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

   x.      On or about 1/24/2007, Defendant, KEITH BORNSTEIN, obtained financing under Loan Number 263551512, from Argent Mortgage Company, LLC, in the principal sum of $88,000, for the purpose of purchasing the real property commonly known as 637 Bluewater Way, Port Hueneme, CA 93041. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $9,922.87 per month as an employee of Pico Train, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARA KAUFER defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

   y.      On or about 1/8/2007, Defendant, JESUS RIVERA, obtained financing under Loan Number 263551569, from Argent Mortgage Company, LLC, in the principal sum of

$115,000, for the purpose of purchasing the real property commonly known as 7776 Peachtree Ave., Los Angeles, CA 91402. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,500 per month as the owner of and graphics designer for New School Desings, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, JESUS RIVERA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

z.      On or about 2/21/2007, Defendant, DIANA LIRA, obtained financing under Loan Number 267759996, from Matrix Funding Services, in the principal sum of $140,000, for the purpose of purchasing the real property commonly known as 2915 Pasadena Ave., Los Angeles, CA 90031. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as an independent contractor of Prepaid Legal as $25,890 per month, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DIANA LIRA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

aa.     On or about 6/21/2006, Defendant, GEORGE E. SIMES, obtained financing under Loan Number 11593856, from WMC Mortgage Corp., in the principal sum of $75,295, for the purpose of purchasing the real property commonly known as 43750 32nd Street East, Lancaster, CA 93535.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $5,000.00 per month as an employee of In Home Support Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.    After the loan transaction, GEORGE E. SIMES defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

bb.     On or about 6/21/2006, Defendant, PEGGY SIMES, obtained financing under Loan Number 11593856, from WMC Mortgage Corp., in the principal sum of $75,295, for the purpose of purchasing the real property commonly known as 43750 32nd Street East, Lancaster, CA 93535.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,750 per month as an employee of Screen Actors Guild, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.    After the loan transaction, PEGGY SIMES defaulted on his/her payment obligations and his/her obligation to

re-verify the information contained in his/her Uniform Residential Loan Application.

cc.   On or about 2/2/2007, Defendant, JAMES L. PETERS, obtained financing under Loan Number 11827011, from GE Money Bank, in the principal sum of $115,000, for the purpose of purchasing the real property commonly known as 3936 Buckingham Road, Los Angeles, CA 90008. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $20,688.25 per month as an employee of Department of VA Affairs - W. Los Angeles, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, JAMES L. PETERS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

dd.   On or about 10/6/2006, Defendant, CHRISTINA GARCIA, obtained financing under Loan Number 11721437, from WMC Mortgage Corp., in the principal sum of $119,000, for the purpose of purchasing the real property commonly known as 11508 206th St., Lakewood, CA 90715. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $13,900 per month as a wedding planner, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CHRISTINA

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

GARCIA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ee.  On or about 12/7/2006, Defendant, ESPERANZA IBARRA, obtained financing under Loan Number 11771571, from WMC Mortgage Corp., in the principal sum of $117,990, for the purpose of purchasing the real property commonly known as 7908 Marshall Court, Fontana, CA 92336. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,500.00 per month as a bridal designer/wedding coordinator, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, ESPERANZA IBARRA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ff.  On or about 2/6/2007, Defendant, GRICIELO C. ANGELES, obtained financing under Loan Number 11792460, from GE Money Bank, in the principal sum of $106,946, for the purpose of purchasing the real property commonly known as 32943 Edinborough Way, Menifee, CA 92584. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $12,200 per month as an employee of Angeles Party Rentals and Pachanga Indian Casino, Defendant (a) concealed his/her

1  true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her

2  employment history.  After the loan transaction, GRICIELO C. ANGELES defaulted on his/her

3  payment obligations and his/her obligation to re-verify the information contained in his/her

4  Uniform Residential Loan Application.

5         gg.    On or about 11/16/2006, Defendant, PESHAAN R. WEDANARACHCHI,

6  obtained financing under Loan Number 11757246, from WMC Mortgage Corp., in the principal

7  sum of $199,800, for the purpose of purchasing the real property commonly known as 1511

8  South Camden Avenue, Ph 4, Los Angeles, CA 90025.  Plaintiff, who is the assignee and current

9  owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon

10  alleges that said Defendant obtained money and property by false pretenses, false

11  representations, actual fraud and/or the use of written statements, which Defendant caused to be

12  made and/or published, that are materially false and upon which Lender reasonably relied.

13  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform

14  Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income

15  as $4,000 per month as an employee of Shoe Pavillion, Defendant (a) concealed his/her true

16  income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her

17  employment history.  After the loan transaction, PESHAAN R. WEDANARACHCHI defaulted

18  on his/her payment obligations and his/her obligation to re-verify the information contained in

19  his/her Uniform Residential Loan Application.

20         hh.    On or about 1/16/2007, Defendant, AL SHEHATA, obtained financing

21  under Loan Number 11815972, from GE Money Bank, in the principal sum of $99,800, for the

22  purpose of purchasing the real property commonly known as 5731 Satsuma Avenue North,

23  Hollywood, CA 91601.  Plaintiff, who is the assignee and current owner and/or holder of said

24  Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant

25  obtained money and property by false pretenses, false representations, actual fraud and/or the use

26  of written statements, which Defendant caused to be made and/or published, that are materially

27  false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and

28  thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

fraudulently misstated his/her monthly income as $10,500 per month as an employee of Discovery Guard, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, AL SHEHATA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ii. On or about 1/17/2007, Defendant, CARLOS GUTIERREZ, obtained financing under Loan Number 261805890, from Argent Mortgage Company, LLC, in the principal sum of $104,000, for the purpose of purchasing the real property commonly known as 15410 East Starbuck Street, Whittier, CA 90603. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $13,260 per month as the owner of Instar Flooring, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, CARLOS GUTIERREZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

jj. On or about 1/12/2007, Defendant, DUANE A. MABSON, obtained financing under Loan Number 11801267, from GE Money Bank, in the principal sum of $89,250, for the purpose of purchasing the real property commonly known as 11729 Lemoli Avenue, Inglewood, CA 90303. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed,

believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,700 per month as an employee of East West Art Dealers, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DUANE A. MABSON defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

kk.     On or about 12/13/2006, Defendant, MICHAEL PALACIOS, obtained financing under Loan Number 263551435, from Argent Mortgage Company, LLC, in the principal sum of $111,529, for the purpose of purchasing the real property commonly known as 835 Locust Avenue, Unit #218, Long Beach, CA 90813.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $18,000 per month as an employee of Insurance Tracking Services, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, MICHAEL PALACIOS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ll.     On or about 12/29/2005, Defendant, GIEZI LOPEZ, obtained financing under Loan Number 261807595, from Argent Mortgage Company, LLC, in the principal sum of $85,000, for the purpose of purchasing the real property commonly known as 10300 Mary Avenue, Los Angeles, CA 90002. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud

and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $8,000 per month as the owner of Securitas Serving, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, GIEZI LOPEZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

mm.    On or about 1/19/2007, Defendant, DAVID B. GIBBS, obtained financing under Loan Number 261807117, from Argent Mortgage Company, LLC, in the principal sum of $91,000, for the purpose of purchasing the real property commonly known as 32255 Desert Vista Road, Cathedral City, CA 92234. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,981.48 per month as an employee of Desert Sands Unified School District, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, DAVID B. GIBBS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

nn.    On or about 1/19/2007, Defendant, SANTIAGO VILLEGAS, obtained financing under Loan Number 261807117, from Argent Mortgage Company, LLC, in the principal sum of $91,000, for the purpose of purchasing the real property commonly known as 32255 Desert Vista Road, Cathedral City, CA 92234. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $4,804.26 per month as an employee of Desert Provider Cleaning Serv, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.   After the loan transaction, SANTIAGO VILLEGAS defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

oo.   On or about 10/27/2006, Defendant, SALVADOR RUIZ, obtained financing under Loan Number 261808790, from Argent Mortgage Company, LLC, in the principal sum of $128,000, for the purpose of purchasing the real property commonly known as 518 Avenida Presidio, Walnut, CA 91789.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $18,000 per month as an employee of Carver Financial, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, SALVADOR RUIZ defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

pp.   On or about 1/9/2007, Defendant, EMMANUEL NSAHLAI, obtained financing under Loan Number 263551532, from Argent Mortgage Company, LLC, in the principal sum of $147,800, for the purpose of purchasing the real property commonly known as

12524 Albers Street, Los Angeles, CA 91607. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $15,000 per month as an employee of Manning, Narder, Kass, Ellrod, Ramirez, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, EMMANUEL NSAHLAI defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

qq.    On or about 12/1/2006, Defendant, MARIA DEL CARMEN HIDROGO, obtained financing under Loan Number 11772788, from WMC Mortgage Corp., in the principal sum of $100,000, for the purpose of purchasing the real property commonly known as 510 Nopal Walk, Unit # 89, Oxnard, CA 93030. Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied. Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $7,800 per month as an employee of Art & Music Factory, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history. After the loan transaction, MARIA DEL CARMEN HIDROGO defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

rr.    On or about 12/1/2006, Defendant, ALFREDO HIDROGO, obtained

32

financing under Loan Number 11772788, from WMC Mortgage Corp., in the principal sum of $100,000, for the purpose of purchasing the real property commonly known as 510 Nopal Walk, Unit # 89, Oxnard, CA 93030.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $5,500 per month as an employee of Counsel County of Ventura, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, ALFREDO HIDROGO defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

ss.   On or about 10/3/2006, Defendant, MARIA AGUILAR, obtained financing under Loan Number 11698712, from WMC Mortgage Corp., in the principal sum of $75,000, for the purpose of purchasing the real property commonly known as 1030 Pennsylvania Avenue, Colton, CA 92324.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $6,500 per month as a self-employed caregiver, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, MARIA AGUILAR defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

tt.    On or about 11/14/2006, Defendant, JAVIER TOVAR, obtained financing under Loan Number 11759875, from WMC Mortgage Corp., in the principal sum of $120,000, for the purpose of purchasing the real property commonly known as 15019 Oswald Street, Sylmar, CA 91342.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $11,000 per month as an employee of Call Vasquez Landscaping and Tovar Landscape Design, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.  After the loan transaction, JAVIER TOVAR defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

uu.    On or about 1/2/2007, Defendant, ANTONIO CALLEJAS, obtained financing under Loan Number 11809738, from GE Money Bank, in the principal sum of $105,800, for the purpose of purchasing the real property commonly known as 28501 Cano, Mission Viejo, CA 92692.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,150 per month as the owner of Callejas Land Designs, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.   After the loan transaction, ANTONIO CALLEJAS defaulted on his/her payment obligations and his/her

1  obligation to re-verify the information contained in his/her Uniform Residential Loan

2  Application.

3       vv.    On or about 12/27/2006, Defendant, SANDRA ELIZABETH ESCOBAR

4  DE ORTEGA, obtained financing under Loan Number 11801509, from WMC Mortgage Corp.,

5  in the principal sum of $144,000, for the purpose of purchasing the real property commonly

6  known as 3701 South Alder St., Santa Ana, CA 92707. Plaintiff, who is the assignee and current

7  owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon

8  alleges that said Defendant obtained money and property by false pretenses, false

9  representations, actual fraud and/or the use of written statements, which Defendant caused to be

10 made and/or published, that are materially false and upon which Lender reasonably relied.

11 Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform

12 Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income

13 as $17,500 per month as the owner and director of Rainbow Family Shelter, Defendant (a)

14 concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c)

15 fraudulently misstated his/her employment history.   After the loan transaction, SANDRA

16 ELIZABETH ESCOBAR DE ORTEGA defaulted on his/her payment obligations and his/her

17 obligation to re-verify the information contained in his/her Uniform Residential Loan

18 Application.

19      ww.    On or about 2/23/2007, Defendant, VICTOR A. ROMERO, obtained

20 financing under Loan Number 261806051, from Argent Mortgage Company, LLC, in the

21 principal sum of $116,000, for the purpose of purchasing the real property commonly known as

22 9029 Borson Street, Downy, CA 90242. Plaintiff, who is the assignee and current owner and/or

23 holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that

24 said Defendant obtained money and property by false pretenses, false representations, actual

25 fraud and/or the use of written statements, which Defendant caused to be made and/or published,

26 that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is

27 informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application,

28 wherein Defendant fraudulently misstated his/her monthly income as $11,756.79 per month as a

self-employed graphics/drawing designer, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.   After the loan transaction, VICTOR A. ROMERO defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

xx.   On or about 12/8/2006, Defendant, JOE MONTOYA, obtained financing under Loan Number 261807863, from Argent Mortgage Company, LLC, in the principal sum of $112,180, for the purpose of purchasing the real property commonly known as 8245 Lemon Circle, Buena Park, CA 90620.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $10,700 per month as a subcontractor, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.   After the loan transaction, JOE MONTOYA defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

yy.   On or about 10/19/2006, Defendant, SILVIA RAQUEL SALAZAR, obtained financing under Loan Number 261807739, from Argent Mortgage Company, LLC, in the principal sum of $115,980, for the purpose of purchasing the real property commonly known as 1413 East Hukee Avenue, Anaheim, CA 92805.  Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.  Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform

**COMPLAINT FOR DAMAGES**-Heritage Pacific Financial v. David, et. al.

Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $9,900.00 per month as the owner of S&S Catering & Special Event Planning, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.   After the loan transaction, SILVIA RAQUEL SALAZAR defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

zz.   On or about 1/8/2007, Defendant, ARLENE RANGEL, obtained financing under Loan Number 261806977, from Argent Mortgage Company, LLC, in the principal sum of $106,000, for the purpose of purchasing the real property commonly known as 16138 Canyon Ridge Road, Riverside, CA 92503.   Plaintiff, who is the assignee and current owner and/or holder of said Loan and related mortgage note, is informed, believes, and thereon alleges that said Defendant obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.   Specifically, Plaintiff is informed, believes, and thereon alleges that on his/her Uniform Residential Loan Application, wherein Defendant fraudulently misstated his/her monthly income as $29,630.08 per month as an employee of Andre Photography, Defendant (a) concealed his/her true income, (b) fraudulently misstated his/her employer and/or (c) fraudulently misstated his/her employment history.   After the loan transaction, ARLENE RANGEL defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application.

### FIRST CLAIM FOR RELIEF

(Breach of Contract)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Contract against Defendants, allege as follows:

21.   Plaintiff repeats and repleads paragraphs 1 through 20 and incorporates the allegations by reference therein as though set forth below.

22.   As described hereinabove in Paragraphs 4 through 20, Defendants entered into

loan agreements and executed promissory notes for the purchase of real property.

23. As described hereinabove, Defendants materially breached their agreements by refusing to re-verify the information provided on the Uniform Residential Loan Application.

24. These were material breaches that have caused harm to Plaintiff and Plaintiff's injuries were natural, probable, and foreseeable consequences of Defendants' breaches of contract.

25. Plaintiff seeks specific performance, as to each and every Defendant, as agreed to by each and every Defendant in their Uniform Residential Loan Application, to re-verify the information provided and certified by each Defendant therein, including but not limited to ordering each and every Defendant to:

    a. Provide Plaintiff, by a reasonable date and time set by the Court, with a fully executed Form 4506-T for release of tax returns by the IRS for: (i) the tax year immediately preceding the loan transaction for each Defendant, (ii) the tax year of the loan transaction for each Defendant, and (iii) the tax year immediately following the loan transaction for each Defendant.

    b. Provide Plaintiff, by a reasonable date and time set by the Court, with Proof of Primary Residency of the real property purchased in each loan transaction by each Defendant, which includes, but is not limited to, a cable bill, a personal land-line telephone bill and/or homestead exemption form from the time the Defendant allegedly lived in the house as a primary residence.

26. Plaintiff seeks specific performance as to each Defendant as alleged hereinabove in Paragraph 25.

ALL FOR WHICH PLAINTIFF SEEKS SPECIFIC PERFORMANCE AND OTHER RELIEF AS PRAYED.

### <u>SECOND CLAIM FOR RELIEF</u>

(Intentional Misrepresentation/Fraud)

COMES NOW PLAINTIFF and for a separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, alleges as follows:

38

27.   Plaintiff repeats and repleads paragraphs 1 through 26 and incorporates the allegations by reference as though fully set-forth herein.

28.   Defendants prepared and submitted a loan application to Lender to secure a loan for the purchase of their real properties.

29.   As alleged in Paragraphs 4 through 26, Plaintiff is informed, believes, and thereon alleges that Defendants obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendants caused to be made and/or published, that are materially false and upon which Lender reasonably relied.

30.   Plaintiff is informed, believes, and thereon alleges that Defendants intentionally misstated their employment information (including but not limited to their employer and their employment history), their income and/or intended use of the real property made the basis of their loan applications to their Lenders.   Said intentional misstatements were made and/or published for the purpose of inducing Lender to provide the loans for the purchase or refinance of the Defendants' real property

31.   Plaintiff is informed, believes, and thereon alleges that the loans were approved and loan proceeds were delivered to Defendants based upon the intentional misstatements made, published, ratified and certified by Defendants.

32.   At the time of the execution of the loan, Defendants failed to disclose to Lender that they did not and would not have been able to earn the amount of income as represented on the loan applications.

33.   Plaintiff is informed, believes, and thereon alleges that when the Defendants' loan was approved, the original lender had no reason to know of the true facts of Defendants' employment history and/or financial condition.   Specifically, the original lender had no reason to know that Defendants' incomes were substantially less than the amount falsely stated on their loan applications.   The original lender also had no reason to know that Defendants' employment histories, as noted in their loan applications, were inaccurate nor that Defendants intentionally misstated their intention use of the real properties made the basis of their respective loans.

34.   In addition, when Defendants entered into their respective loan transaction,

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

1  Defendants made affirmative, written representations in one or more document, contract,

2  agreement and/or writing, which may include but is not limited to their respective Deed of

3  Trusts, that Defendants acknowledged, understood and agreed that they would be in default of

4  their obligations pursuant to and/or under the loan transaction if they, or any persons or entities

5  acting at their direction or with their knowledge or consent gave materially false, misleading, or

6  inaccurate information or statements to Lender (or failed to provide Lender with material

7  information) in connection with the loan. Material representations include, but are not limited to,

8  representations concerning Defendant's occupancy of the Property as Defendant's principal

9  residence.

10         35.   As described above, Plaintiff is informed, believes, and thereon alleges that these

11 representations, warranties, and covenants were false. Defendants knew that Lender relied on

12 their false representations, warranties, and covenants in executing the loan. On information and

13 belief, Defendants knew that Lender would not have made the loan without such representations,

14 warranties, and covenants.

15         36.   In reasonable reliance upon the false statements of material fact, Lender entered

16 into the Defendants' loan transactions and made the loans to and/or for the benefit of Defendants.

17 The loans would not have been approved, nor paid, had the Lender known the true facts. Had

18 Defendants made all of proper disclosures called for in the loan application to Lender, including

19 the true amount of income, Lenders would not have entered into the loan, nor would it have

20 advanced any funds to Defendants.

21         37.   Lender's reliance on statements, concealment, and non-disclosures made by

22 Defendants were reasonable and justified because, among other things, on information and

23 believe, Defendants certified the truth of the statements in the loan application submitted, and

24 Defendants further agreed that "the Lender....may continuously rely on the information

25 contained in the application...."

26         38.   Lender reasonably and detrimentally relied upon the false statements,

27 concealments, and non-disclosures of material fact caused by the Defendants' wrongful conduct.

28 Plaintiff, as successor in interest to Lender, has suffered damages to the recently discovered

fraud.  Plaintiff seeks damages to each Defendant as per Paragraph 56.

39.  Plaintiff alleges that Defendants' conduct as alleged herein was, and is, intentional, fraudulent, oppressive, malicious, and despicable, and undertaken with intent and reckless disregard for Plaintiff's legal and property rights, and calculated to place Plaintiff under great and severe hardship, thereby entitling Plaintiff to an award of punitive and exemplary damages against Defendants.

40.  Plaintiff is, further, informed, believes, and thereon alleges that Defendants obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendant caused to be made and/or published, that are materially false and upon which Lender reasonably relied.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

### THIRD CLAIM FOR RELIEF

(Fraudulent Concealment)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Fraudulent Concealment against Defendants, allege as follows:

41.  Plaintiff repeats and repleads paragraphs 1 through 40 and incorporates the allegations by reference therein as though set forth below.

42.  Defendants created false pretenses by concealing and/or suppressing material facts as alleged above, including the concealment of their accurate income, employment, and their purpose of purchasing the property.

43.  The false pretenses created by Defendants and/or the information concealed by Defendants were material facts that Defendants were bound to disclose and nonetheless concealed by making false statements to the Lender on their loan application.

44.  Plaintiff is informed, believes, and thereon alleges that Defendants concealed or suppressed these facts with the intent to defraud and induce their original lender to act as alleged above.  At the time, the original lender was unaware of the concealed or suppressed facts and would not have taken the action if Lender had known these facts.

41

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

45.   Lender's reliance on statements, concealment, and non-disclosures made by Defendants were reasonable and justified because, among other things, on information and belief Defendants certified the truth of the statements in the loan application submitted, and Defendants further agreed that "the Lender....may continuously rely on the information contained in the application...."

46.   The concealment and non-disclosure of material facts by Defendants have caused injury to the Plaintiff.

47.   As successor in interest to Lender, Plaintiff has suffered damages as stated in Paragraph 56 of this Complaint as per each Defendant and seeks same damages as per each Defendant for this Fraudulent Concealment cause of action.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## FOURTH CLAIM FOR RELIEF

(Negligent Misrepresentation)

COMES NOW PLAINTIFF, who pleads for Negligent Misrepresentation against Defendants, in the alternative to its claims for relief asserted hereinabove, and alleges as follows:

48.   Plaintiff repeats and repleads paragraphs 1 through 47 and incorporates the allegations by reference therein as though set forth below.

49.   As alleged above, Plaintiff is informed, believes, and thereon alleges that Defendants misstated their income on their Uniform Residential Loan Applications about the material facts relating to their true income, their employment, and/or whether the real property would be used as a primary residence.

50.   Defendants had no reasonable ground to believe the amount of income, employment information and/or the intended purpose of the real property to be purchased, would be true.

51.   The false statements made by Defendants were made with the intent to induce the Lender to act on reliance of their representations.

52.   Plaintiff is informed, believes, and thereon alleges that Defendants obtained

42

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendants caused to be made and/or published, that are materially false and upon which Lender reasonably relied

53. As alleged above, the original lender had justifiable reliance upon the statements of Defendants, especially after the Defendants certified the truthfulness of their statements on the loan application.

54. As successor in interest to Lender, Defendants' conduct has harmed the Plaintiff.

55. Because of the harm caused by Defendants, Plaintiff seeks damages for this claim as detailed in Paragraph 56.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## DAMAGES

56. In total, Plaintiff seeks damages from each Defendant as detailed below:

a)      Defendant, SUSANA DAVID, in the amount of $145,000 in actual damages and $290,000 in punitive damages, for total damages in the amount of $435,000.

b)      Defendant, EVA LOPEZ MIGUEL, in the amount of $117,000 in actual damages and $234,000 in punitive damages, for total damages in the amount of $351,000.

c)      Defendant, DANIEL RANGEL SR., in the amount of $69,400 in actual damages and $138,800 in punitive damages, for total damages in the amount of $208,200.

d)      Defendant, CYNTHIA WRIGHT, in the amount of $39,684 in actual damages and $79,368 in punitive damages, for total damages in the amount of $119,052.

e)      Defendant, NARDA CHICA, in the amount of $120,000 in actual damages and $240,000 in punitive damages, for total damages in the amount of $360,000.

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

f)    Defendant, CRYSTAL OAKES, in the amount of $151,000 in actual damages and $302,000 in punitive damages, for total damages in the amount of $453,000.

g)    Defendant, MARIA ARIAS, in the amount of $58,000 in actual damages and $116,000 in punitive damages, for total damages in the amount of $174,000.

h)    Defendant, CARLOS WASHINGTON GARCIA, in the amount of $116,000 in actual damages and $232,000 in punitive damages, for total damages in the amount of $348,000.

i)    Defendant, MAGDALENA ARREDONDO, in the amount of $240,000 in actual damages and $480,000 in punitive damages, for total damages in the amount of $720,000.

j)    Defendants, ALVIN PAUL CAMPBELL and RENITA FAYE CAMPBELL, jointly and severally, in the amount of $130,000 in actual damages and $260,000 in punitive damages, for total damages in the amount of $390,000.

k)    Defendant, MIKKI WADE, in the amount of $49,800 in actual damages and $99,600 in punitive damages, for total damages in the amount of $149,400.

l)    Defendant, RAUL GUTIERREZ, in the amount of $79,000 in actual damages and $158,000 in punitive damages, for total damages in the amount of $237,000.

m)    Defendant, EDUARDO RAMIREZ, in the amount of $59,000 in actual damages and $118,000 in punitive damages, for total damages in the amount of $177,000.

n)    Defendant, BRIAN URREA, in the amount of $89,400 in actual damages and $178,800 in punitive damages, for total damages in the amount of $268,200.

44

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

o)      Defendant, JORGE A. MORA, in the amount of $77,800 in actual damages and $155,600 in punitive damages, for total damages in the amount of $233,400.

p)      Defendant, NAIRA KOCHINYAN, in the amount of $135,000 in actual damages and $270,000 in punitive damages, for total damages in the amount of $405,000.

q)      Defendant, BERJ WARTANIAN, in the amount of $200,000 in actual damages and $400,000 in punitive damages, for total damages in the amount of $600,000.

r)      Defendant, GENARO MILLAN, in the amount of $88,000 in actual damages and $176,000 in punitive damages, for total damages in the amount of $264,000.

s)      Defendant, PORFIRIA MEDINA, in the amount of $116,000 in actual damages and $232,000 in punitive damages, for total damages in the amount of $348,000.

t)      Defendant, LOREEN G. LEUNG, in the amount of $101,000 in actual damages and $202,000 in punitive damages, for total damages in the amount of $303,000.

u)      Defendant, SHIRLEY DEL VILLAR, in the amount of $123,000 in actual damages and $246,000 in punitive damages, for total damages in the amount of $369,000.

v)      Defendants, MARA KAUFER and KEITH BORNSTEIN, jointly and severally, in the amount of $88,000 in actual damages and $176,000 in punitive damages, for total damages in the amount of $264,000.

w)      Defendant, JESUS RIVERA, in the amount of $115,000 in actual damages and $230,000 in punitive damages, for total damages in the amount of $345,000.

45

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

x)    Defendant, DIANA LIRA, in the amount of $140,000 in actual damages and $280,000 in punitive damages, for total damages in the amount of $420,000.

y)    Defendants, GEORGE E. SIMES and PEGGY SIMES, jointly and severally, in the amount of $75,295 in actual damages and $150,590 in punitive damages, for total damages in the amount of $225,885.

z)    Defendant, JAMES L. PETERS, in the amount of $115,000 in actual damages and $230,000 in punitive damages, for total damages in the amount of $345,000.

aa)    Defendant, CHRISTINA GARCIA, in the amount of $119,000 in actual damages and $238,000 in punitive damages, for total damages in the amount of $357,000.

bb)    Defendant, ESPERANZA IBARRA, in the amount of $117,990 in actual damages and $235,980 in punitive damages, for total damages in the amount of $353,970.

cc)    Defendant, GRICIELO C. ANGELES, in the amount of $106,946 in actual damages and $213,892 in punitive damages, for total damages in the amount of $320,838.

dd)    Defendant, PESHAAN R. WEDANARACHCHI, in the amount of $199,800 in actual damages and $399,600 in punitive damages, for total damages in the amount of $599,400.

ee)    Defendant, AL SHEHATA, in the amount of $99,800 in actual damages and $199,600 in punitive damages, for total damages in the amount of $299,400.

ff)    Defendant, CARLOS GUTIERREZ, in the amount of $104,000 in actual damages and $208,000 in punitive damages, for total damages in the amount of $312,000.

gg)    Defendant, DUANE A. MABSON, in the amount of $89,250 in

46

1    actual damages and $178,500 in punitive damages, for total damages
2    in the amount of $267,750.

3    hh)    Defendant, MICHAEL PALACIOS, in the amount of $111,529 in
4    actual damages and $223,058 in punitive damages, for total damages
5    in the amount of $334,587.

6    ii)    Defendant, GIEZI LOPEZ, in the amount of $85,000 in actual
7    damages and $170,000 in punitive damages, for total damages in the
8    amount of $255,000.

9    jj)    Defendants, DAVID B. GIBBS and SANTIAGO VILLEGAS,
10   jointly and severally, in the amount of $91,000 in actual damages
11   and $182,000 in punitive damages, for total damages in the amount
12   of $273,000.

13   kk)    Defendant, SALVADOR RUIZ, in the amount of $128,000 in actual
14   damages and $256,000 in punitive damages, for total damages in the
15   amount of $384,000.

16   ll)    Defendant, EMMANUEL NSAHLAI, in the amount of $147,800 in
17   actual damages and $295,600 in punitive damages, for total damages
18   in the amount of $443,400.

19   mm)   Defendants, MARIA DEL CARMEN HIDROGO and ALFREDO
20   HIDROGO, jointly and severally, in the amount of $100,000 in
21   actual damages and $200,000 in punitive damages, for total damages
22   in the amount of $300,000.

23   nn)    Defendant, MARIA AGUILAR, in the amount of $75,000 in actual
24   damages and $150,000 in punitive damages, for total damages in the
25   amount of $225,000.

26   oo)    Defendant, JAVIER TOVAR, in the amount of $120,000 in actual
27   damages and $240,000 in punitive damages, for total damages in the
28   amount of $360,000.

pp)   Defendant, ANTONIO CALLEJAS, in the amount of $105,800 in actual damages and $211,600 in punitive damages, for total damages in the amount of $317,400.

qq)   Defendant, SANDRA ELIZABETH ESCOBAR DE ORTEGA, in the amount of $144,000 in actual damages and $288,000 in punitive damages, for total damages in the amount of $432,000.

rr)   Defendant, VICTOR A. ROMERO, in the amount of $116,000 in actual damages and $232,000 in punitive damages, for total damages in the amount of $348,000.

ss)   Defendant, JOE MONTOYA, in the amount of $112,180 in actual damages and $224,360 in punitive damages, for total damages in the amount of $336,540.

tt)   Defendant, SILVIA RAQUEL SALAZAR, in the amount of $115,980 in actual damages and $231,960 in punitive damages, for total damages in the amount of $347,940.

uu)   Defendant, ARLENE RANGEL, in the amount of $106,000 in actual damages and $212,000 in punitive damages, for total damages in the amount of $318,000.

## PRAYER FOR RELIEF

97.   WHEREFORE, Plaintiff asks that the Defendants be cited to appear and answer and that the Plaintiff be awarded damages, attorney's fees, specific performance, and any and all other relief.

DATED: March 4, 2010

Respectfully Submitted,
**Law Offices of Mokri & Associates**

By:_____
Brad A. Mokri,
AttorneyS for Plaintiff
Heritage Pacific Financial LLC

48

COMPLAINT FOR DAMAGES-Heritage Pacific Financial v. David, et. al.

**PROOF OF SERVICE**

     I, the undersigned declare that: I am employed in the County of Orange, California. I am over the age of eighteen years and not a party to this action or proceeding. My business address is 1851 E. First Street, Suite # 900 Santa Ana, California 92705.

     On March 4, 2010, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE AND OTHER EQUITABLE RELIEF** the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows:

*PLEASE SEE ATTACHED SERVICE LIST*

   _✓_   BY U.S. MAIL

   _____   VIA OVERNITE EXPRESS DELIVERY

   _____   I deposited such envelope(s), with postage thereon fully prepaid in the mail / overnite express drop box at Santa Ana, California.

   _____   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. Postal Services on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal collection date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   _____   I delivered such envelope(s), by hand to the offices of the addressee(s).

   _____   I caused such copy to be facsimiled to the person(s) set forth above. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

   _____   BY ELECTRONIC TRANSMISSION: Based on a Court Order to accept service by electronic transmission, I caused the documents(s) to be sent through PACER to the persons at the email addresses listed below in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   _____   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   _✓_   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the services is made.

Executed on: March 4, 2010, at Santa Ana, California.

_____
Gissou Mokri

**SERVICE LIST**

| | |
|---|---|
| Susana David | Eva Lopez Miguel |
| 22806 Califa St. | 7054 Sylvia Ave. |
| Woodland Hills, CA 91367 | Reseda, CA 91335 |
| Daniel Rangel Sr. | Cynthia Wright |
| c/o Christ's Church of the Valley | c/o Benjamin O'Davis Jr. Middle School |
| 1404 W. Covina Blvd. | 621 West Poplar St. |
| San Dimas, CA 91773 | Compton, CA 90220 |
| Narda Chica | Crystal Oakes |
| 6231 1/2 Mayflower Ave. | 711 Bridle Trail Rd. |
| Bell, CA 90201 | Walnut, CA 91789-1903 |
| Maria Arias | Carlos Washington Garcia |
| 17836 Miller Ave. | 634 S. Sonya Pl. |
| Fontana, CA 92336 | Anaheim, CA 92802 |
| Magdalena Arredondo | Renita Faye Campbell |
| 6452 Fulton Ave. | c/o Tate/Ingram |
| Van Nuys, CA 91401 | 9613 S. 11th |
| | Inglewood, CA 90305 |
| Mikki Wade | Raul Gutierrez |
| c/o True Realty, Inc. | c/o West Coast Mortgage |
| 827 North Hollywood Way #210 | 400 N. Brand Boulevard, Suite 900 |
| Burbank, CA 91505 | Glendale, CA 91203 |
| Eduardo Ramirez | Brian Urrea |
| 2749 S. Orange Drive | c/o Urrea & Sons Trucking |
| Los Angeles, CA 90016 | 14110 Princeton Ave. |
| | Moorpark, CA 93021 |
| Jorge A. Mora | Berj Wartanian |
| 16440 Zocalo Pl., Apt. 208 | 11908 Laughton Way |
| Moreno Valley, CA 92551 | Northridge, CA 91326 |
| Genaro Millan | Shirley Del Villar |
| c/o Toyota of Glendora | 554 S. Reverse St. |
| 1949 Auto Center | Anaheim, CA 92805 |

| | |
|---|---|
| Glendora, CA 91740 | |
| Mara Kaufer<br>1137 6th St., Apt. 306<br>Santa Monica, CA 90403 | Keith Bornstein<br>1137 6th St., Apt. 306<br>Santa Monica, CA 90403 |
| Jesus Rivera<br>1706 W. 38th St.<br>Los Angeles, CA 90062 | Diana Lira<br>2915 Pasadena Ave.<br>Los Angeles, CA 90031 |
| George E. Simes<br>c/o Screen Actors Guild<br>5757 Wilshire Blvd., 7th Floor<br>Los Angeles, CA 90036 | Peggy Simes<br>c/o Screen Actors Guild<br>5757 Wilshire Blvd., 7th Floor<br>Los Angeles, CA 90036 |
| Esperanza Ibarra<br>9037 Box Elder Ct.<br>Fontana, CA 92335 | Peshaan R. Wedanarachchi<br>17805 Lemarsh St.<br>Northgate, CA 91325 |
| Al Shehata<br>13227 S. Roselle Ave.<br>Hawthorne, CA 90250 | Giezi Lopez<br>1307 W. Florence Ave<br>Los Angeles, CA 90044 |
| Salvador Ruiz<br>518 Avenida Presidio<br>Walnut, CA 91789 | Emmanuel Nsahlai<br>1733 Malcolm Ave. # 4<br>Los Angeles, CA 90024 |
| Maria Del Carmen Hidrogo<br>309 E. Maple St.<br>Oxnard, CA 93033 | Alfredo Hidrogo<br>309 E. Maple St.<br>Oxnard, CA 93033 |
| Maria Aguilar<br>531 W. Duarte Rd. # F<br>Monrovia, CA 91016 | Javier Tovar<br>4508 Enconta Ave.<br>Rosewood, CA 91770 |
| Sandra Elizabeth Escobar De Ortega<br>3726 S. Sycamore St.<br>Santa Ana, CA 92707 | Silvia Raquel Salazar<br>1251 N Placentia Ave. #115<br>Anaheim, CA 92806 |
| Arlene Rangel<br>1300 West Lido Place, Apt. E<br>Anaheim, CA 92801 | |