BRAD A. MOKRI, SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714) 619-9396

Attorney for HERITAGE PACIFIC FINANCIAL LLC D/B/A
HERITAGE PACIFIC FINANCIAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limites Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SUSANA DAVID et al.,<br><br>Defendants | Case No.: SACV10-00133 JVS (MLGx)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CYNTHIA WRIGHT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br><u>Hearing Information:</u><br>Date:   April 26, 2010<br>Time:   1:30 p.m.<br>Crtm:   10-C<br>Judge:  Hon. James V. Selna<br><br>*Complaint Filed: February 4, 2010* |

I.   **INTRODUCTION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff HERITAGE PACIFIC FINANCIAL LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company (hereinafter Plaintiff) who respectfully files this Memorandum in Opposition to the Rule 12(b)(6) Motion to Dismiss filed by Defendant CYNTHIA WRIGHT (hereinafter Defendant).

Defendant WRIGHT has filed a Motion to Dismiss alleging that Plaintiff fails to state a claim upon which relief can be granted, pursuant to <u>Federal Rules of Civil Procedure, Rule 12(b)(6),</u> and requests that Plaintiff's Complaint be dismissed as to Defendant WRIGHT.

As set forth in more detail below, Plaintiff has met the pleading requirements set forth under the Federal Rules and has sufficiently stated facts to establish a claim for relief against Defendant WRIGHT.

## II.  STATEMENT OF FACTS

In an effort to obtain real property in the State of California, Defendant WRIGHT applied for and obtained a loan and completed, or caused to have completed on her behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which Defendant executed and signed. On the Uniform Residential Loan Application, Defendant certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein. Among the information provided and certified by Defendant in her Uniform Residential Loan Application, Defendant was required to certify information regarding her current employer, state her gross monthly income and certify that she intends to use the loan proceeds to purchase real property which she intends to use as her primary residence.

Knowing that her then-current income was insufficient to support the approval of the loan and/or in an effort to secure a more favorable primary-residence financing rate, Plaintiff is informed and believes that Defendant provided, prepared, caused to be prepared, a false loan application which misstated her employment, income and/or intended use of the property as her primary residence; certified the false loan application; and caused her agent to submit to lenders a false loan application and other loan related documents. Plaintiff is informed and believes that Defendant instructed and caused the transmission of the false loan application and supporting documentation to the lender even though Defendant knew the information was false.

Lender did not know, and had no reason to know, that the information and documentation provided by Defendant contained false information and in reliance thereon approved the loan. Defendant executed a promissory note in favor of her initial lender, and its successors,

transferees and assigns. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

Defendant has defaulted on her payment obligations and her obligation to re-verify the information contained in her Uniform Residential Loan Application.

## III. ARGUMENTS

### A. THE COURT SHOULD DENY DEFENDANT'S MOTION DUE TO HER FAILURE TO COMPLY WITH APPLICABLE LOCAL RULES.

California Central District Court, Local Rule 7-3 requires "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P must be filed within a specified period of time (e.g., a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise the conference shall take place at least ten (10) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"

Counsel for Defendant WRIGHT did not contact opposing counsel to discuss any potential resolution, which is supported by the absence of a statement, in the notice of motion, stating that that a conference took place as required by L.R. 7-3.

For this reason, the Court should deny Defendant's Motion to Dismiss.

### B. PLAINTIFF'S FIRST AMENDED COMPLAINT SUFFICIENTLY STATES FACTS, IF ESTABLISHED, WOULD SUPPORT A VALID CLAIM FOR RELIEF.

The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. (*Neitzke v. Williams* (1989) 490 US 319, 328-329). In reviewing a Rule 12(b)(6) motion, the court must accept as true all material

allegations in the complaint, as well as reasonable inferences to be drawn from them. (*Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F3d 696, 699). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." (*Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F3d 517, 521). The complaint must be construed in the light most favorable to plaintiff. (*Parks School of Business, Inc. v. Symington* (9th Cir. 1995) 51 F3d 1480, 1484).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Conley v. Gibson* (1957) 355 U.S. 41, 45-46; *Parks School of Business, Inc. v. Symington* 51 F3d 1480, 1484). A 12(b)(6) dismissal is proper only in "extraordinary" cases. (*United States v. Redwood city* (9th Cir. 1981) 640 F2d 963, 966; *Cauchi v. Brown* (ED CA 1999) 51 F.Supp.2d 1014, 1016; *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428). "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." (*Gilligan v. Jamco Develop. Corp.* (9th Cir. 1997) 108 F. 3d 246, 249; *Colle v. Brazos County, Texas* (5th Cir. 1993) 981 F2d 246, 243--challenges to "bare-bones pleadings" are doomed with respect to an attack based on a failure to state a claim). "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment." (*Bennett v. Schmidt* (7th Cir. 1998) 153 F3d 516, 518).

Rule 12(b)(6) dismissals are "especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development." (*Baker v. Cuomo* (2nd Cir. 1995) 58 F3d 814, 818-819). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Conley v. Gibson* (1957) 355 U.S. 41, 45-46; *Parks School of Business, Inc. v. Symington* 51 F3d 1480, 1484).

As set forth in more detail below, Plaintiff has made sufficient factual allegations to support all of its claims and therefore Defendant's motion should be denied.

### A. *Plaintiff's Complaint Adequately Differentiates Between the Named Defendants.*

Defendant WRIGHT claims that Plaintiff fails to differentiate one defendant from the other and therefore the First Amended Complaint should be dismissed. Plaintiff has pled the specific facts related to each named Defendant in Paragraphs 20(a) thru 20(zz). With respect to Defendant WRIGHT, the First Amended Complaint states facts specific to her, and her alone, in paragraph 20(d).

All of the allegations set forth in paragraphs 4 thru 19 of the First Amended Complaint are general allegations describing the wrongful conduct of each and every defendant.[1] The process in which each of these Defendants applied for a loan is the same, and therefore it is not necessary to repeat such a general allegation for each individual Defendant. Likewise, the fact that each of these Defendants provided false information on their Uniform Residential Loan Applications does not differ from Defendant to Defendant, and therefore it is unnecessary to separately repeat such a general allegation for each individual Defendant.

When read together as a whole, the general allegations and the claims set forth in paragraph 20(d), there are sufficient factual allegations to support all of Plaintiff's claims against Defendant WRIGHT. The allegations are incorporated by reference into each cause of action.

### B. *Plaintiff States Sufficient Facts to Support its First Cause of Action for Breach of Contract Against Defendant Wright.*

Defendant argues that Plaintiff has not properly pled a claim for breach of contract because it is unclear from Plaintiff's allegations when the breach occurred, if at all. The breach element of Plaintiff's First Cause of Action is set forth in paragraphs 19 and 20. Paragraph 19 states, "Defendants have defaulted on their obligations to re-verify the information contained in their Uniform Residential Loan Application. Despite Plaintiff's attempts to secure information from Defendants to re-verify the information contained in their loan applications, Defendants have failed and/or refused to comply with Plaintiff's request." Paragraph 20(d) specifically alleges Defendant WRIGHT'S breach and states, "After the loan transaction, CYNTHIA

---

[1] Plaintiff hereinafter refers to Paragraphs 4-19 of the First Amended Complaint as "the general allegations."

WRIGHT, defaulted on his/her payment obligation and his/her obligation to re-verify the information contained in his/her Uniform Residential Loan Application." The loan transaction is alleged to have occurred on or about 7/11/06 and therefore Defendant's breach occurred after 7/11/2006 when Defendant defaulted on her obligations.

Defendant further argues that Plaintiff's first cause of action "is couched in the form of damages for breach of contract." (Defendant's Points & Authorities, p. 4:25-26). Specifically, Defendant argues that Plaintiff cannot seek damages for specific performance, compelling Defendant to execute a release of her tax returns because there are no allegations that Defendants agreed to do so. Paragraph 25 states that each and every Defendant agreed in their Uniform Residential Loan Application, to re-verify the information provided and certified by each Defendant. Plaintiff further alleges that, "on each Uniform Residential Loan Application, each Defendant certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein." (First Amend. Complaint ¶ 10).

Defendant also argues that specific performance is only available when Plaintiff's legal remedy is inadequate. The Complaint alleges two ways in which Defendant breached her obligations to Plaintiff: (1) by defaulting on her payment obligations; and (2) by refusing to re-verify information. The remedies do not overlap, and even though damages may be adequate for enforcement of the defendant's first obligation, damages would be inadequate when Plaintiff seeks certain information pursuant to the terms of the contract.

Finally, Defendant argues that Plaintiff fails to adequately allege that it has performed its obligations. Paragraph 17 states, "Lenders fully performed, and Defendants acquired title to the properties." Plaintiff further states that the term "LENDER" includes the initial lender, their successors, transferees and assigns. (First Amended Complaint ¶ 15). Plaintiff's status as an assignee has also been alleged in paragraphs 4, 15, 18, and 20(d). As such, Plaintiff has sufficiently stated alleged performance of its obligations.

For the reasons stated above, the Court should deny Defendant's motion to dismiss the first cause of action.

### C. *Plaintiff States Sufficient Facts to Support its Second Cause of Action for Intentional Misrepresentation Against Defendant Wright.*

Defendant argues that Plaintiff relies on conclusory allegations and has not set forth the time, place, or manner of the alleged misrepresentations, as well as the identities of the parties to the alleged representations. Paragraph 20(d) specifically states that "on or about 7/11/2006, Defendant CYNTHIA WRIGHT obtained financing under Loan Number 11620181, from Golden Empire Mortgage Inc…" Plaintiff goes on to allege in paragraph 20(d) that "on his/her Uniform Residential Loan Application wherein Defendant fraudulently misstated his/her monthly income as $7,511 per month as an employee of Compton Unified School District…" Defendant's alleged misrepresentation has been clearly stated.

The general allegations also establish that in an effort to obtain these funds, Defendant applied for and obtained a loan and completed, or caused to have completed on their behalf, a Uniform Residential Loan Application… (First Amend. Complaint ¶ 9).

Plaintiff has sufficiently identified that the misrepresentation was made on or about 7/11/06, it was in written form per the Uniform Residential Application, and was made by Defendant WRIGHT to Golden Empire Mortgage Inc. As such, the Complaint sufficiently states facts to establish a valid cause of action for fraud.

Defendant's next arguement is that Plaintiff's claim fails because Plaintiff was not a party to the alleged representation and hence could not have relied on said representation. As set forth above, Plaintiff has sufficiently alleged its status as an assignee. "An assignment transfers the interest of the assignor to the assignee. Thereafter, the assignee stands in the shoes of the assignor, taking his right and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment." (*Manson, Inver & York v. Black* (2009) 176 Cal. App. 4th 36, 49). Hence, Plaintiff steps into the shoes of Golden Empire Mortgage Inc. who was a party to Defendant's misrepresentation.

Defendant further argues that there are no facts showing that the alleged representations were false. Throughout the complaint, Plaintiff constantly refers to Defendant's representation as false. Paragraph 12(a) alleges that Defendant "provided, prepared, caused to be prepared false

loan applications, which misstated their employment, income and/or intended use of the property as a primary residence." Paragraph 12(b) alleges that Defendant "certified false loan applications, which misstated their employment income and/or intended use of the property as a primary residence." Paragraph 12(c) alleges that Defendant "cause their agents to submit to lenders false loan applications…" Paragraph 13 alleges that the loan application and supporting documentation were false.

Specifically relevant to Defendant WRIGHT, paragraph 20(d) alleges, "…Defendant fraudulently misstated his/her monthly income…concealed his/her true income…fraudulently misstated his/her employer and/or…fraudulently misstated his/her employment history." Paragraph 29 alleges, "…the use of written statements, which Defendants cause to be made an/or published, that are materially false and upon which Lender reasonable relied." Plaintiff has sufficiently alleged facts establishing the falsity of Defendant's representation.

Defendant finally argues that Plaintiff's claim is barred by the statute of limitations pursuant to Cal. Code Civ. Proc § 338. Defendant claims that the conduct alleged by Plaintiff occurred on July 11, 2006. As stated above, the complaint claims that on July 11, 2006 Defendant WRIGHT obtained a loan. For purposed of fraud, under Cal. Code Civ. Proc. § 338(d), an action is not deemed to have accrued until the discovery of the facts constituting fraud or mistake. Defendant's claim that this cause of action is barred is unfounded in that it is not the date the parties entered into the contract, but it is the discovery of the fraud that accrues the action. Plaintiff claims that Lender had no reason to know of the true facts of Defendants' employment history and/or financial condition when the Defendants' loan was approved. (First Amd. Complaint ¶ 33).

For all of the reasons set forth above, the complaint states sufficient facts to support Plaintiff's Second Cause of Action for Intentional Misrepresentation. Hence, the Court should deny Defendant WRIGHT'S Motion to Dismiss.

### D. *Plaintiff States Sufficient Facts to Support its Third Cause of Action for Fraudulent Concealment Against Defendant Wright.*

Defendant argues that the third cause of action fails because Plaintiff lumped all the

defendants together without attempting to differentiate who said what, did what and to whom; and that the fraud allegations are nothing more than conclusions devoid of facts. Plaintiff opposes Defendant's first argument for the same reasons set forth above.

Defendant further argues that there are no facts alleged in the complaint which would establish the existence of a fiduciary or other confidential relationship between Plaintiff and Moving Defendant. The existence of a fiduciary relationship is only one of several ways the duty to disclose can arise. Fraud and deceit may consist of the suppression of fact by one who is bound to disclose it or who gives information of other facts that are likely to mislead for want of communication of that fact. (Cal. Code Civ. Proc. § 1710(3)). The duty to disclose facts arises if a person undertakes to speak, so that the speaker is bound not only to tell the truth but also not to suppress or conceal facts within speaker's knowledge that materially qualify those stated, because one who speaks at all must make a full and fair disclosure. (*Brownlee v. Vang* (1965) 235 Cal. App. 2d 465, 477).

In addition to the facts already stated herein, Plaintiff alleges that, "…the information concealed by Defendants were material facts that Defendants were bound to disclose and nonetheless concealed by making false statements to the Lender on their loan application." (First Amend. Complaint ¶ 43). Hence, Plaintiff has properly alleged facts sufficient to establish the misrepresentation, the who, what, when, how and that Defendant concealed material facts which she was bound to disclose.

Defendant also argues that Plaintiff cannot make these allegations when Plaintiff was not the original lender. Plaintiff addresses the issue of assignment above which is equally applicable here.

Finally, Defendant argues that the third cause of action is barred by the statute of limitations. For the same reasons set forth above, Defendant's argument regarding the accrual of a fraud cause of action is without merit.

For the above-stated reasons, Defendant WRIGHT'S Motion to Dismiss should be denied.

*E. Plaintiff States Sufficient Facts to Support its Fourth Cause of Action for Negligent Misrepresentation.*

Defendant argues that Plaintiff's fourth cause of action fails because the allegations are conclusory, the defendants are lumped together, Plaintiff was not the original lender and the cause of action is barred by the statute of limitations. Each of these arguments is addressed above in Plaintiff's Opposition to the First, Second and Third Causes of Action and are equally applicable here.

Defendant further argues that Plaintiff makes reference to false pretenses and false representations and actual fraud without alleging any facts. All of the allegations set forth above show that Plaintiff has sufficiently met its burden. As such, Defendant's Motion to Dismiss the fourth cause of action should be denied.

## III. CONCLUSION

For the foregoing reasons, Defendant WRIGHT'S Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) should be denied. Plaintiff's First Amended Complaint states sufficient facts to establish a valid claim for breach of contract, intentional misrepresentation, fraudulent concealment and negligent misrepresentation. Moreover, Defendant's Motion should be denied for failure to comply with Local Rule 7-3. Motions to Dismiss under Rule 12(b)(6) are disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development. Here, Plaintiff has sufficiently met its burden and the Court should therefore deny Defendant's motion.

Dated: April 5, 2010                Respectfully Submitted,
                                    **LAW OFFICES OF MOKRI & ASSOCIATES**

                                    By: /s/ Brad A. Mokri
                                        Brad A. Mokri
                                        Attorney for Plaintiff
                                        HERITAGE PACIFIC FINANCIAL, LLC.

PLAINTIFF'S OPPOSITION TO DEFENDANT CYNTHIA WRIGHT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
- 10 -

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1851 E. First Street, Suite 900, Santa Ana, California 92705.

On April 05, 2010, I served the foregoing document(s) **described PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CYNTHIA WRIGHT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** as on the interested parties in this action by placing a true (x) copy ( ) original thereof enclosed in a sealed envelope addressed as follows:

*PLEASE SEE ATTACHED PROOF OF SERVICE*

( ) **BY OVERNITE EXPRESS DELIVERY:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the OVERNITE EXPRESS DELIVERY DROP BOX on the same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

( X ) **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

( X ) **BY ELECTRONIC SERVICE TRANSMISSION:** Pursuant to CM/ECF System, registration as a CMECF user constitutes consent to electronic service through the Court's transmission facilities. The court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF System.

( ) **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee(s).

( ) **BY FAX:** (Code Civ. Prod.§ 1013(a),(e); Cal. Rules of Court, rule 2.306)-By transmitting said document(s) by electronic facsimile to the respective facsimile numbers(s) of the party(ies). The facsimile machine I used complied with California Rules of Court, rule 2.3014, and no error was reported by the machine.

( X ) **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 05, 2010, at Santa Ana, California.

/s/ Gissou Mokri
Gissou Mokri

---

PLAINTIFF'S OPPOSITION TO DEFENDANT CYNTHIA WRIGHT'S MOTION TO DISMISS PURSUANT TO
F.R.C.P. RULE 12(b)(6)
- 11 -

## SERVICE LIST

**Via Mail To:**

Crystal Oakes
711 Bridal Trail Road
Walnut, Ca. 91789

**Via Electronic Service Transmission To :**

Charles O. Agege, Esq.
Law Offices of Charles O. Agege
12400 Wilshire Blvd., Suite 400
Los Angeles, California 90025