FILED

Emmanuel Nsahlai, PRO PER

1733 MALCOLM AVE APT. 4

Los Angeles, California  90024
Telephone: (310) 474 - 7237
Facsimile: (310) 474 - 7237

Defendant PRO PER,

EMMANUEL NSAHAI

2010 APR 19 PM 3: 42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SUSANA DAVID; EVA LOPEZ MIGUEL; DANIEL RANGEL SR.; CYNTHIA WRIGHT; NARDA CHICA; CRYSTAL OAKES; MARIA ARIAS; CARLOS WASHINGTON; GARCIA; MAGDALENA ARREDONDO; ALVIN PAUL CAMPBELL; RENITA FAYE CAMPBELL; MIKKI WADE; RAUL GUTIERREZ; EDUARDO RAMIREZ; BRIAN URREA; JORGE A. MORA; NAIRA KOCHINYAN; BERG WARTANIAN; GENAARO MILLIAN; PORFIRIA MEDIA; LOREEN G. LEUNG; SHIRLEY DEL VILLAR; MARA KAUFER; KEITH BORNSTEIN; JESUS RIVERA; DIANA LIRA; GEORGE E. SIMES,<br><br>Defendants. | CASE NO. SACV10-00133 JVS (MLGx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>Date:<br>Time:<br>Crtm:<br>Judge:<br><br>Complaint Filed:<br>            February 4, 2010<br><br>**[No Oral Argument Unless Requested By The Court]** |

///

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This is a lawsuit brought by Plaintiff seeking to recover damages against a laundry list of defendants relating to transactions that took place at different times and places, yet all defendants are lumped together for purposes of this lawsuit.

As amply demonstrated below, this lawsuit lacks complete merit and should be dismissed in its entirety as to Emmanuel Nsahlai (hereinafter "Moving Defendant").

**II.**

**SUMMARY OF THE ALLEGED FACTS**

On or about January 9, 2007, Moving Defendant obtained a mortgage loan from Argent Mortgage Company, LLC. In the amount of $147,800 (the "Loan"). Complaint ¶32pp. The Loan was secured by property at 12524 Albers Street, Los Angeles, California. Plaintiff alleged that it is the current owner and/or holder of said loan and that it is informed and believes that Moving Defendant obtained money and property by false pretenses, false representations and actual fraud. Id.

Plaintiff alleges that Moving Defendant fraudulently misstated his/her monthly income, concealed his/her true income fraudulently misstated his/her employment history. Plaintiff alleges that after the loan transaction, Moving Defendant defaulted on his/her payment obligations and his/her obligation to re-verify the information contained in his/her Loan Application. Id.

Plaintiff failed to attach the said Loan Application to its

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

complaint and failed to allege when the so-called breach took place.

### III.

### **PLEADING STANDARDS**

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998). A claim is properly dismissed for lack of a cognizable legal theory, absence of sufficient facts alleged under a cognizable legal theory, or for seeking remedies to which a plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

To survive a Rule 12(b)(6) challenge, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. V. Twombly*, 550 U.S. 544 127 S.Ct. 1955, 1974 (2007). A plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery" Id. at 1968. Rather, the facts set forth in the complaint must be sufficient to "nudge the [] claims across the line from conceivable to plausible." Id. at 1974.

Although facts properly alleged must be construed in favor of the plaintiff, "conclusory allegations of law and unwarranted

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors v. Metro Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). As the Supreme Court stated, "the tenet that a court must accept as true all of the allegations of a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### IV.

### NONE OF PLAINTIFF'S FOUR CAUSES OF ACTION STATE A VALID CLAIM.

Plaintiff's complaint asserts four causes of action against Moving Defendant and a host of other defendants: (1) Breach of Contract; (2) Intentional Misrepresentation; (3) Fraudulent Concealment; and (4) Negligent Misrepresentation.

However, as shown below, Plaintiff provides insufficient factual or legal support for all its claims. The claims should, therefore, be dismissed with prejudice.

A. **Plaintiff's Complaint Fails To Adequately Differentiate Between The Named Defendants**

In purporting to state claims against Moving Defendant, Plaintiff lobs scattershot allegations in the direction of a laundry list of defendants, without attempting to differentiate one defendant from the other.

For example, Plaintiff alleges that the Defendants prepared

3

and caused to be prepared false loan applications and caused their agents to submit to lenders false applications and other loan related documents. Complaint ¶ 12. No attempt was made to differentiate between the defendants, even though it may well be the case that not every defendant utilized the services of agents in their loan applications. This Complaint should be dismissed on this ground alone.

**B.    The First Cause Of Action For Breach Of Contract Should Be Dismissed For Failure To State A Claim.**

Proper pleading of a cause of action for breach of contract requires the allegations of facts showing: (1) the existence of a contract; (2) Plaintiff's performance of the contract or excuse for non-performance; (3) Defendants' breach of the contract; and (4) resulting damages. FPI Development, Inc. V. Nakashima, 231 Cal.App.3d 367 (1991).

A review of the complaint clearly reveals that Plaintiff has not properly pled a valid claim for breach of contract. Thus, while purporting to allege Moving Defendant's breach of contract, plaintiff alleges without differentiating among the various defendants that "Defendants materially breached their agreement by refusing to re-verify the information provided on the Uniform Residential Loan Application." Complaint ¶ 23. It is unclear from Plaintiff's allegations, as to when a breach occurred, if at all.

Moreover, even though Plaintiff's first cause of action is couched in the form of damages for breach of contract, Plaintiff is now purporting to seek specific performance as to each and every defendant. Complaint ¶ 25.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)

Plaintiff's attempt to seek specific performance while at the same time seeking damages for the alleged breach must fail because the Court will only grant specific performance, when Plaintiff's legal remedy is inadequate. *Blackburn v. Charnley*, 117 Cal.App.4th 758 (2004).

Furthermore, Plaintiff is asking the Court to compel Moving Defendant to execute Form 4506T for release of her tax returns, when there is no allegation anywhere in the complaint that Moving Defendant agreed to execute said documents.

Plaintiff also failed to adequately allege that it has performed its obligations under the contract or that it was excused from such performance.

### C. The Second Cause Of Action For Fraud/Intentional Misrepresentation Should Be Dismissed For Failure to State A Claim.

To state a cause of action for fraud based on intentional misrepresentation, Plaintiff must allege <u>facts</u> showing the following: (1) false representation as to a material fact; (2) knowledge by defendant of falsity; (3) intent to deceive; (4) justifiable reliance; and (5) resulting damages. *Gonsalves v. Hogan*, 38 Cal.2d 91 (1951); *Cooper v. Equity General Insurance* 219 Cal.App.3d 1252 (1990); *Small v. Fritz Companies, Inc.* 30 Cal.4th 167, 173 (2003).

In addition, in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake FRCP 9(b). Fraud must be pled with particularity so that the defending party can prepare an adequate answer from the allegations. *Odom v Microsoft Corp.*, 486 F.3d 541, 543 (9th Cir.

5

2007) (citing *Schreiber Distrib. Co. V. Serv-well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). Plaintiff must state the time, place and specific content of the false representations as well as the identities of the parties to the representation. Id.

In purporting to state a claim for fraud in its second cause of action, Plaintiff incorporated by reference paragraphs 1 through 26 of its complaint.

A review of the complaint, however, readily discloses that Plaintiff is seeking to rely on conclusory allegations, instead of the requisite allegations of fact, and have not set forth the time, place, or manner of the alleged misrepresentations, as well as the identities of the parties to the alleged representations.

Plaintiff alleges in Paragraph 14 of its complaint that Defendants directed, instructed and caused to have transmitted their false loan application and supporting documentation to Lenders even though Defendants knew the information in the Loan Application and supporting documentation were false in material respects. But Plaintiff by its own admission (Complaint ¶ 15), was not a party to the alleged representations and hence could not have relied on said representations. Also, there is no allegation of facts anywhere in the complaint showing that the alleged representations were false.

Plaintiff's fraud allegations are a tissue of conclusions and do not approach the degree of factual particularity necessary to state a fraud cause of action. See *Wilheim v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324 (1986) (every element of the cause of action for fraud must be alleged in full, factually and specifically ...") See also *Stansfield v. Starkey*, 220

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

Cal.App.3d 59, 73 (1990), proper pleading of fraud requires allegations of facts that "show how, when, where to whom, and by what means the representations were tendered."

Plaintiffs' vague pleading of fraud cannot pass muster under the case law cited above and also under FRCP 9(b)'s pleading requirements. This cause of action should be dismissed.

Furthermore, even assuming that the fraud cause of action was validly pled (as it was not), it should be dismissed because it is statute barred.

The statute of limitations for fraud and deceit is three years. C.C.P. § 338(a). The conduct alleged by Plaintiff occurred on July 11, 2006 (Complaint ¶ 20(d)). The complaint should have been filed no later than July 11, 2009. It was however, not filed until February 4, 2010. It is therefore, statute barred and should be dismissed with prejudice.

### D. The Third Cause Of Action For Fraudulent Concealment Should Be Dismissed For Failure To State A Claim.

Plaintiff purports to state a claim against Moving Defendant for fraudulent concealment in its third cause of action. This cause of action must fail for several reasons. First, Plaintiff lumped all the defendants together without attempting to differentiate who said what, did what and to whom. See Complaint ¶¶ 42-46.

Second, to fasten tort liability on a party for non-disclosure of facts, facts must be alleged showing the existence of a fiduciary or confidential relationship between the parties. *Warner Constr. Corp. v. Los Angeles*, 2 Cal.3d 285 (1970); *Goodman*

7

1 v. *Kennedy* 18 Cal.3d 335, 346-347 (1976).

2   Moreover, it has been held that the relationship between a
3 bank and its loan customer is not a fiduciary one, but is simply
4 that of debtor and creditor. *Price v. Wells Fargo Bank*, 213
5 Cal.App.3d 465, 476 (1989).

6   Similarly, in *Careau Co. V. Security Pacific Business
7 Credit*, 222 Cal.App.3d 1371, 1400, it was held that no special
8 relationship existed between a bank and its borrower in a
9 commercial banking transaction.

10   Here, there are no facts alleged in the complaint which
11 would establish the existence of a fiduciary or other
12 confidential relationship between Plaintiff and Moving Defendant.
13 To the contrary, Moving Defendant's relationship with the Bank
14 was simply one of a loan customer which, under the authorities
15 cited above does not give rise to a fiduciary relationship.

16   Third, Plaintiff alleges in paragraph 44 of the complaint
17 that "The original lender was unaware of the concealed or
18 supported facts." How can Plaintiff make these allegations when
19 it was not the original lender?

20   Fourth, like its counterpart in the second cause of action,
21 Plaintiff's fraud allegations are nothing more than a tissue of
22 conclusions completely devoid of facts.

23   Finally, like its counterpart in the second cause of action,
24 this claim is statute barred and should be dismissed with
25 prejudice on this ground alone.

26   **E.   The Fourth Cause Of Action For Negligent**
27   **Misrepresentation Should Be Dismissed For**
28   **Failure To State A Claim.**

To prevail in a cause of action for negligent misrepresentation, Plaintiff must allege facts showing that: (1) the defendant made a representation as to a past or existing material fact; (2) the representation was untrue; (3) the defendant made the representation without any reasonable ground for believing it to be true; (4) the representation was made with the intent to induce the Plaintiff to rely on it; (5) the Plaintiff was unaware of the falsity of the representation and acted in justifiable reliance on the truth of the representation; and (6) as a result of reliance on the truth of the representation, the Plaintiff sustained damage. *Continental Airlines, Inc. V. McDonnell Douglas Corp.*, 216 Cal.App.3d, 388 (1989).

Other than its conclusory assertions contained in paragraphs 50 through 53 of its complaint, nowhere in the complaint does Plaintiff allege facts showing the existence of the above elements.

For example, Plaintiff alleges conclusorily in paragraph 52 of its complaint that it "is informed and believes and thereon alleges that Defendants obtained money and property by false pretenses, false representations, actual fraud and/or the use of written statements, which Defendants caused to be made and/or published, that are materially false and upon which the lender reasonably relied."

Such allegations do not come close to stating valid claims. First, like its previous counterpart, the Defendants once again are lumped together; second, Plaintiff makes reference to false pretenses and false representations and actual fraud without

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)

alleging any facts.

More significantly, Plaintiff was not the original lender and therefore cannot allege facts showing that the original lender reasonably relied on whatever representations were made to them. In fact, by Plaintiff's own admission, there might be more than one lender prior to Plaintiff, but there is no allegation anywhere in the complaint showing which initial lender was a party to Moving Defendant's alleged false representations. Thus, this cause of action should be dismissed.

Finally, like its counterpart in the second and third causes of action, this claim is barred by the statute of limitations and should be dismissed with prejudice.

## V.

## CONCLUSION.

Based upon the arguments presented above, each and every cause of action in the complaint should be dismissed as to Moving Defendant. No cause of action, based on the facts alleged, can survive a Rule 12(b)(6) attack. The complaint should be dismissed in its entirety.

DATED: April 15, 2010            Respectfully submitted,

Emmanuel Nsahlai, in Pro

By: Emmanuel Nsahlai, Pro Per

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

Case SACV10-00133 JVS (MLGx)

## CERTIFICATE OF SERVICE

I, the undersigned declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California. My business address is 8721 Santa Monica Boulevard, Suite 219, Los Angeles CA 90069.

On, April 15, 2010, I served a copy of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)** on all interested parties in said case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mailed at Los Angeles, California addressed as follows:

Brad A. Mokri, Esq.
Law Offices of Mokri & Associates
1851 East First St., Suite 900
Santa Ana, CA 92705
Fax: (714) 619-9396

I declare under the penalty of perjury, under the laws of the United States of American that the foregoing is true and correct.

This declaration is executed in Los Angeles, California, on April 15 2010.

_____
YRENE ENONCHONG