BRAD A. MOKRI, ESQ., SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714) 619-9396

Attorney for Plaintiff
HERITAGE PACIFIC FINANCIAL, LLC dba HERITAGE PACIFIC FINANCIAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-CENTRAL DIVISION

| | |
|---|---|
| HERITAGE PACIFIC FINANCIAL LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SUSANA DAVID, et al.<br><br>Defendants | Case No.: SACV 10-00133-JVS (MLGx)<br><br>**RULE 26(F) REPORT**<br>[Fed. Rules of Civ. Proc., Rule 26(f)]<br><br>Hearing Information:<br>Date:   February 28, 2011<br>Time:   10:30 a.m.<br>Judge: Hon. James V. Selna |

## I.
## INTRODUCTION

Plaintiff has not conducted a Rule 26(f) discovery conference. On or about September 20, 2010, pursuant to the Court's denial of Plaintiff's Motion for Default Judgment, the Court granted Plaintiff leave to file a Second Amended Complaint. On or about October 13, 2010, Plaintiff filed its Second Amended Complaint for Damages. Defendant Susana David was served with the Second Amended Complaint on February 2, 2011. Hence, Defendant's time to respond (as

---

JOINT RULE 26(f) REPORT
- 1

of the date of the drafting of this report) has not yet expired. For that reason, the parties obligations under Fed.R.Civ.P., Rule 26(a)(1) and Rule 26(f) are premature.

Plaintiff respectfully requests a brief continuance of the Rule 16(b) Status Conference as good cause exists.

## II.
## SYNOPSIS

**A.     Statement of Claims, Affirmative Defenses and Key Legal Issues**

    **1.     Plaintiff Heritage Pacific Financial**

Plaintiff filed an action against several defendants alleging that the Defendants actively devised and executed a scheme to prepare, submit and close fraudulent interstate real estate financing transactions. All of the other defendants have either settled or been dismissed. The only defendant who remains is Susana David.

Plaintiff alleges that Defendant, in an effort to obtain funds to purchase real property, applied for and obtained loans and completed, or caused to have completed on her behalf, a Uniform Residential Loan Application, which the Defendant executed and signed. Plaintiff is informed and believes and thereon alleges that Defendant directed, instructed, and caused to have transmitted false loan applications and supporting documentation to lenders even though Defendant knew the information in the loan application and supporting documentation were false in material respects. Plaintiff's claims include breach of contract, fraud, fraudulent concealment and negligent misrepresentation.

**B.     Additional Parties and Amended Pleadings:**

The operative pleading is Plaintiff's Second Amended Complaint. The Court granted Plaintiff leave to amend its complaint pursuant to the Court's September 20, 2010 Minute Order denying Plaintiff's Motion for Default Judgment. Plaintiff has filed and served the Second Amended Complaint, however Defendant's time to respond has not yet expired.

C. **Discovery and Experts pursuant to Rule 26(f)**

Plaintiff anticipates serving Interrogatories, Requests for Admission, and Request for Production of Documents shortly after the initial exchange pursuant to Fed. R. Civ. P. 26(a). Anticipated discovery also includes depositions of the parties and Persons Most Knowledgeable of the initial Lender. The parties anticipate exchanging expert witness information and expert depositions. Plaintiff believes that no changes need to be made to the timing, form, or requirements of discovery.

D. **Anticipated Procedural Motions:**

Plaintiff may file discovery motions depending on the other parties' responses to discovery requests. Plaintiff anticipates that this action may be resolved entirely or as to certain defendants by motion for summary judgment. Plaintiff may bring a motion for summary judgment or partial summary adjudication.

E. **Settlement Procedure and Discussion**

The parties have not engaged in any settlement discussions.

F. **Initial Disclosures**

Plaintiff does not propose any changes in timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

G. **Estimate of Trial Length/Discussion of Trial by Jury**

Plaintiff would request a jury trial. However, it is presently premature to determine length of trial since Defendant has no yet responded.

H. **Conflicts**

Plaintiff is unaware of any conflicts in this case.

/ / /

/ / /

/ / /

/ / /

**JOINT RULE 26(f) REPORT**

- 3 -

I. **Complex Case:**

Plaintiff does not believe that this case is complex or that any part of the Manual for Complex Litigation should be utilized.

**Respectfully Submitted,**
**LAW OFFICES OF MOKRI & ASSOCIATES**

Dated: February 16, 2011

By: /s/ Brad A. Mokri
Brad A. Mokri
Attorney for Plaintiff HERITAGE PACIFIC FINANCIAL LLC dba HERITAGE PACIFIC FINANCIAL